## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
CAUSE OF ACTION INSTITUTE       )
1875 Eye Street, N.W., Suite 800     )
Washington, D.C. 20006,         )
                          )
       Plaintiff,          )
                          )
     v.                  )     Civil Action No. 1:16-cv-2354
                          )
INTERNAL REVENUE SERVICE     )
1111 Constitution Avenue, N.W.     )
Washington, D.C. 20224,         )
                          )
       Defendant.        )
_____ )

## COMPLAINT

1.     Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the

Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking access to records maintained by

Defendant Internal Revenue Service ("IRS").  The records at issue concern IRS operations vis-à-

vis the United States Congress Joint Committee on Taxation ("JCT"), including correspondence

between the IRS and the JCT on various matters.  The IRS has withheld records to which CoA

Institute has a right under the FOIA and that serve the public interest in transparent and

accountable government.

## JURISDICTION AND VENUE

2.     Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.     CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to

ensuring that government decision-making is open, honest, and fair.  In carrying out its mission,

CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability.  It regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, including the IRS, and disseminates its findings, analysis, and commentary to the general public.

5.       The IRS is an agency within the meaning of 5 U.S.C. § 552(f)(1).  It has possession, custody, and control of records to which CoA Institute seeks access and which are the subject of this Complaint.

## FACTS

6.       On or about December 18, 2015, the IRS Office of Chief Counsel issued guidance that introduced a new provision to the Chief Counsel Directives Manual ("CCDM") requiring the IRS to treat nearly all JCT-related records as "congressional records" not subject to the FOIA. *See* Ex. 1.  The new guidance purportedly "codifies longstanding agency practice on the treatment of JCT documents."  *Id.*

7.       Following the issuance of the new guidance, which contradicts FOIA jurisprudence relating to the definition of agency records, CoA Institute, by letter dated June 22, 2016, submitted a FOIA request to the IRS seeking "access to the following records for the time period of January 21, 2009 to the present":

    1.      All records transmitted between the IRS and the JCT, and all communications concerning such transmissions, which do not contain a legend restricting their use or dissemination.

    2.      All communications between IRS Privacy, Governmental Liaison, and Disclosure ("PGLD") personnel, as well as other affected IRS functions or components, and the JCT concerning any determination whether to disclose or withhold IRS records that were the subject of a JCT oversight inquiry.

3.      All records generated or maintained by the IRS in the normal course of its operations that were subsequently provided to the JCT in response to a general oversight inquiry.

4.      All records generated or maintained by the IRS in the normal course of its operations that were subsequently provided to the JCT as part of IRS general oversight responsibilities, but which were not provided in response to a JCT inquiry.

5.      All records created by or originating at the JCT but which were provided to the IRS and are maintained by the IRS in any agency records system, including but not limited to the E-Trak Communications and Correspondence tracking system.

Ex. 2 at 2.

8.      In this request, CoA Institute clarified that the IRS should "exclude from the scope" of its search "any records concerning 26 U.S.C. §§ 6045, 6405, and 8022(2)." Ex. 2 at 2.

9.      By a second FOIA request to the IRS, also dated June 22, 2016, CoA Institute requested "[a]ll communications between the IRS and the JCT" containing any one of thirty-eight (38) specifically identified search terms. Ex. 3 at 2.

10.     The time period for this second FOIA request was "January 21, 2009 to the present[.]" Ex. 3 at 2.

11.     In both of its FOIA requests, CoA Institute explained that "the term 'present' should be construed as the date on which the agency begins its search for responsive records," as opposed to the date of receipt of the request. Ex. 2 at 2 n.3 (citing *Pub. Citizen v. Dep't of State* 276 F.3d 634 (D.C. Cir. 2002)); Ex. 3 at 2 n.3 (same).

12.     CoA Institute requested a public interest fee waiver and classification as a representative of the news media for fee purposes in each of its June 22, 2016 FOIA requests. Ex. 2 at 2–4; Ex. 3 at 2–3.

13.     The IRS received both FOIA requests on June 28, 2016 and assigned them tracking numbers F16180-0047 and F16180-0049, respectively. Ex. 4 at 2; Ex. 5 at 2.

14.     The IRS did not address fee issues in its acknowledgment letters.  *See* Exs. 4 & 5.

15.     In acknowledging receipt of the CoA Institute FOIA requests, the IRS indicated that it required the ten-day statutory extension to its response period because of the need "to search for, collect, and review responsive records from other locations."  Ex. 4 at 1; Ex. 5 at 1.

16.     The IRS further stated that it would "still be unable to locate and consider [the] release of the requested records by August 10, 2016," and, therefore, unilaterally extended its response date by ninety (90) days to November 8, 2016.  Ex. 4 at 1; Ex. 5 at 1.  The IRS stated that there was no "need to reply . . . if you agree to [these] extension[s]."  Ex. 4 at 1; Ex. 5 at 1.

17.     By letter, dated August 8, 2016, the IRS provided its final response to the two June 22, 2016 FOIA requests.  Ex. 6.  In its letter, the IRS stated that "[a]ny records responsive to either of [CoA Institute's] requests, to the extent they exist, are non-agency Congressional records that are not subject to the FOIA."  Ex. 6 at 1.

18.     The IRS argued further that "[e]ven if these records were subject to the FOIA, which they are not, . . . [a] request for 'any and all communications or documents' between the IRS and the JCT . . . would be unreasonably burdensome for the IRS to process," and therefore both FOIA requests were invalid.  Ex. 6 at 1–2.

19.     By letter, dated September 6, 2016, CoA Institute submitted an administrative appeal challenging the IRS determination that the records sought by CoA Institute were non-agency congressional records not subject to the FOIA.  Ex. 7.  CoA Institute also challenged the IRS determination that the June 22, 2016 FOIA requests were invalid for being unreasonably burdensome.  *Id*.

20.     In its appeal, CoA Institute argued that the requested records were agency records subject to the FOIA and that the requests, as submitted, were valid.  As to the first point, CoA

Institute explained that the IRS determination that the requested records were congressional, non-agency records was conclusory and without satisfactory demonstration of the requisite congressional intent to maintain control of such records.  *Id.* at 3–4.

21.    With respect to the alleged burdensomeness of the June 22, 2016 FOIA requests, CoA Institute explained that it had reasonably described the requested records and that "'[t]he sheer size or burdensomeness of a FOIA request, in and of itself, does not entitle an agency to deny that request on the ground that it does not 'reasonably describe' records within the meaning of 5 U.S.C. § 552(a)(3)(A).'"  *Id.* at 5 (citing Office of Info. Policy, Dep't of Justice, FOIA Update: FOIA Counselor: Questions & Answers, vol. IV, no. 3 (Jan. 1, 1983), *available at* http://bit.ly/29hZ6N3).

22.    The IRS received a copy of CoA Institute's appeal via certified mail service on September 13, 2016.  *See* Exs. 8 & 9.  The agency acknowledged receipt of the appeal in two separate but nearly identical letters, in which it claimed to have received the appeal on November 2, 2016.  *See* Exs. 10 & 11.

23.    In two nearly identical letters, both dated November 22, 2016, the IRS issued its determination on the appeal.  *See* Exs. 12 & 13.  The agency concluded that the CoA Institute requests were "not valid because [they were] too broad and too nebulous to reasonably describe specific records[.]"  Ex. 12 at 1; Ex. 13 at 1.  The IRS also upheld, without explanation, its determination that responsive records, "to the extent they exist, would be non-agency Congressional records that are not subject to the FOIA."  Ex. 12 at 2; Ex. 13 at 2.

24.    In addition, the IRS stated that because "[a] determination . . . that a request is deficient in any respect is not a denial of access," CoA Institute was "not entitled to

administratively appeal" and there was "no jurisdiction" to hear the appeal.  Ex. 12 at 2; Ex. 13 at 2.

### COUNT I
### Violation of FOIA: Failure to Comply with Statutory Requirements

25.     CoA Institute repeats paragraphs 1 through 24.

26.     The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A).

27.     The FOIA further requires that an agency respond to a valid request within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days.  *Id.* § 552(a)(6)(A)–(B).

28.     Both of CoA Institute's June 22, 2016 FOIA requests seek agency records maintained by the IRS, reasonably describe the records sought, and otherwise comply with all FOIA and applicable IRS regulations.

29.     The statutory time limit for the processing of the June 22, 2016 FOIA requests has expired.

30.     The IRS violated the FOIA by refusing to conduct a search so as to locate records responsive to the June 22, 2016 FOIA requests and by determining that the requests were invalid. The IRS accordingly has denied CoA Institute access to agency records to which it has a right under the FOIA.

31.     The primary basis for the IRS determination—namely, that all records requested by CoA Institute are non-agency congressional records not subject to the FOIA—is unsupported by the FOIA and controlling case law because the requested records are in IRS possession and

the IRS has not provided evidence of the requisite congressional intent to maintain control of

those requested records.  *See Paisley v. Cent. Intelligence Agency*, 712 F.2d 686, 692–93 (D.C.

Cir. 1983) ("In the absence of any manifest indications that Congress intended to exert control

over documents in an agency's possession, the court will conclude that such documents are not

congressional records."); *United We Stand Am. v. Internal Revenue Serv.*, 359 F.3d 595, 604

(D.D.C. 2004).

32.     The IRS determination on the validity of the June 22, 2016 FOIA requests also is

without support because the FOIA requests at issue describe the records sought with sufficient

clarity and precision.  In addition, IRS FOIA regulations prohibit the "reasonable description

requirement" from being "used . . . as a device for improperly withholding records[.]"  *Id.*  The

Internal Revenue Manual reiterates these requirements and instructs disclosure officials "not to

read a request so strictly that the requester is denied information the agency knows exists."

Internal Revenue Serv., Internal Revenue Manual 11.3.13.5.5(1) (revised Aug. 14, 2013),

*available at* http://bit.ly/29yhhvR.

33.     IRS regulations also require that a requester "shall be afforded an opportunity to

refine the request," if such request is determined to be deficient, which "may involve a

conference with knowledgeable IRS personnel[.]"  26 C.F.R. § 601.702(c)(5)(i).  The IRS never

afforded CoA Institute any opportunity to refine the FOIA requests at issue in this case.

34.     CoA Institute has fully exhausted its administrative remedies under 5 U.S.C.

§ 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a.      Order the IRS to process both of CoA Institute's June 22, 2016 FOIA requests

and to issue final determinations on each within twenty (20) business days of the

date of the Order;

b.      Order the IRS to produce all responsive records promptly upon issuing its final

determinations on the June 22, 2016 FOIA requests;

c.      Award CoA Institute its costs and reasonable attorney fees incurred in this action

pursuant to 5 U.S.C. § 552(a)(4)(E); and

d.      Grant such other relief as the Court may deem just and proper.


Dated:  December 1, 2016                  Respectfully submitted,

                                         */s/ Lee A. Steven*
                                         Lee A. Steven
                                         D.C. Bar No. 468543
                                         Ryan P. Mulvey
                                         D.C. Bar No. 1024362

                                         CAUSE OF ACTION INSTITUTE
                                         1875 Eye Street, N.W., Suite 800
                                         Washington, D.C. 20006
                                         Telephone: (202) 499-4232
                                         Facsimile: (202) 330-5842
                                         lee.steven@causeofaction.org
                                         ryan.mulvey@causeofaction.org

                                         *Counsel for Plaintiff CoA Institute*