**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| CAUSE OF ACTION INSTITUTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-2354 (KBJ) |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

_____)

**PLAINTIFF'S SUPPLEMENTAL BRIEF
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

Table of Authorities ................................................................................................ iii

Introduction .......................................................................................................... 1

Argument .............................................................................................................. 2

    I.   Defendant's motion to dismiss should be considered under Rule 12(b)(6) of the
Federal Rules of Civil Procedure. .................................................................. 3

        A.   The FOIA's "jurisdictional" provision implicates a federal district court's
remedial powers rather than its subject-matter jurisdiction. ..................... 3

        B.   The Second Circuit's decision in *Main Street Legal Services* is consistent
with Supreme Court case law interpreting Section 552(a)(4)(B). ............. 5

        C.   *Main Street Legal Services* complements D.C. Circuit case law. ............. 9

        D.   Defendant has waived its sovereign immunity. ...................................... 12

        E.   Defendant fails to distinguish the relevant case law. .............................. 14

    II.  Whether considered under Rule 12(b)(1) or Rule 12(b)(6), the Court should deny
the pending motion to dismiss. ...................................................................... 17

Conclusion .......................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*American Civil Liberties Union v. Central Intelligence Agency*,
    105 F. Supp. 3d 35 (D.D.C. 2015) ................................................................16

*American Civil Liberties Union v. Central Intelligence Agency*,
    823 F.3d 655 (D.C. Cir. 2016) ......................................................................16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................17

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................17

*Bell v. Hood*,
    327 U.S. 678 (1946) .........................................................................................4

*Bigwood v. Defense Intelligence Agency*,
    699 F. Supp. 2d 114 (D.D.C. 2010) ..............................................................12

*Browning v. Clinton*,
    292 F.3d 235 (D.C. Cir. 2002) ......................................................................17

*Bureau of National Affairs, Inc. v. Department of Justice*,
    742 F.2d 1484 (D.C. Cir. 1984) ..............................................................15, 16

*Burka v. Department of Health & Human Services*,
    87 F.3d 508 (D.C. Cir. 1996) ........................................................................15

*Citizens for Responsibility & Ethics in Washington v. Office of Administration*,
    566 F.3d 219 (D.C. Cir. 2009) ...................................................................9, 16

*Clark v. United States*,
    116 F. App'x 278 (Fed. Cir. 2004) ................................................................12

*Cunningham v. Department of Justice*,
    961 F. Supp. 2d 226 (D.D.C. 2013) ..............................................................13

*Department of Justice v. Tax Analysts*,
    492 U.S. 136 (1989) ............................................................................6, 7, 8, 9

*Earle v. Department of Justice*,
    217 F. Supp. 3d 117 (D.D.C. 2016) ..............................................................11

*Electronic Privacy Information Center v. National Security Agency,*
   795 F. Supp. 2d 85 (D.D.C. 2011) ......................................................................10

*Forsham v. Harris,*
   445 U.S. 169 (1980)............................................................................................8

*International Counsel Bureau v. Central Intelligence Agency,*
   No. 09-2269, 2010 WL 1410561 (D.D.C. Apr. 2, 2010)......................................10

*Jenkins v. Department of Justice,*
   No. 16-1676, 2017 WL 2982946 (D.D.C. July 12, 2017) ....................................11

*Johnson v. Executive Office for U.S. Attorneys,*
   310 F.3d 771 (D.C. Cir. 2002)...........................................................................12

*Kalodner v. Abraham,*
   310 F.3d 767 (D.C. Cir. 2002)...........................................................................12

*Kissinger v. Reporters Committee for Freedom of the Press,*
   445 U.S. 136 (1980)................................................................................. *passim*

*Kleiman v. Department of Energy,*
   956 F.2d 335 (D.C. Cir. 1992)......................................................................10, 11

*Main Street Legal Services, Inc. v. National Security Council,*
   811 F.3d 542 (2d Cir. 2016)................................................................................4

*Mangham v. Shinseki,*
   No. 07-1338, 2009 WL 799541 (Vet. App. Mar. 25, 2009) .................................12

*Martinez v. Bureau of Prisons,*
   444 F.3d 620 (D.C. Cir. 2006)...........................................................................13

*Northwest Airlines, Inc. v. County of Kent, Michigan,*
   510 U.S. 355 (1994)............................................................................................6

*Reporters Committee for Freedom of the Press v. Vance,*
   442 F. Supp. 383 (D.D.C. 1977) .........................................................................7

*Roman v. National Reconnaissance Office,*
   952 F. Supp. 2d 159 (D.D.C. 2013) ...................................................................12

*Scolaro v. District of Columbia Board of Elections & Ethics,*
   104 F. Supp. 2d 18 (D.D.C. 2000) .......................................................................5

*Spannaus v. Department of Justice,*
   824 F.2d 52 (D.C. Cir. 1987).......................................................................12, 13

*Steel Co. v. Citizens for a Better Environment*,
    523 U.S. 83 (1998)................................................................3, 4, 11

*Sweetland v. Walters*,
    60 F.3d 852 (D.C. Cir. 1995)....................................................10

*Taitz v. Ruemmler*,
    No. 11-1421, 2011 WL 4916936 (D.D.C. Oct. 17, 2011) ....................10

*Tax Analysts v. Department of Justice*,
    643 F. Supp. 740 (D.D.C. 1986)..................................................7

*Tax Analysts v. Department of Justice*,
    845 F.2d 1060 (D.C. Cir. 1988)..................................................7

*United States v. Vanness*,
    85 F.3d 661 (D.C. Cir. 1996).....................................................3

*Voinche v. Obama*,
    744 F. Supp. 2d 165 (D.D.C. 2010) ....................................11, 12, 17

*Ward v. District of Columbia Department of Youth Rehabilitation Services*,
    768 F. Supp. 2d 117 (D.D.C. 2011) ..........................................5, 18

*Whittle v. Moschella*,
    756 F. Supp. 589 (D.D.C. 1991) ..............................................11

**Statutes**

5 U.S.C. § 552(a) ...........................................................................2

5 U.S.C. § 552(a)(4)(B) ...............................................................4

**Other Authorities**

Brief of Appellant, *Citizens for Responsibility & Ethics in Washington v.
    Office of Administration*, No. 08-5188 (D.C. Cir. filed Aug. 22, 2008).................17

Brief for Appellees, *Voinche v. Obama*, No. 10-5357
    (D.C. Cir. filed Jan. 19, 2011)..................................................12

Brief for Plaintiffs-Appellants, *American Civil Liberties Union v.
    Central Intelligence Agency*, No. 15-5183 (D.C. Cir. filed Nov. 16, 2015)..........16

## INTRODUCTION

This case concerns two Freedom of Information Act ("FOIA") requests that Plaintiff Cause of Action Institute ("CoA Institute") submitted to Defendant Internal Revenue Service ("IRS"). The requests seek agency records concerning various aspects of Defendant's interactions with the United States Congress Joint Committee on Taxation ("JCT").  Although Defendant has not conducted a search for responsive records, it argues that the Court lacks subject-matter jurisdiction because all records responsive to CoA Institute's FOIA requests must be congressional in nature. Defendant founds its position on a categorical determination, which is premised on agency guidance and generalized declarations that claim to describe a consistent course of dealing between the JCT and the IRS.

Defendant has moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(1). The question for this supplemental briefing is whether that motion is procedurally appropriate or whether the motion should properly be considered under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  As discussed below, the pending motion should be considered under Rule 12(b)(6).  Applicable precedents and persuasive authority teach that the FOIA's jurisdictional language does not implicate *subject-matter jurisdiction*—the power of a federal district court to hear well-pleaded claims—but rather delimits the court's *remedial power*. Throughout its supplemental brief on this issue, Defendant confuses the case law and conflates different meanings of the term "jurisdiction."  Defendant also mistakes the "agency control" test as an element of the FOIA's waiver of sovereign immunity.  And, again, Defendant bases its foundational argument on sweeping claims about records it has made no effort to locate, let alone describe with the level of specificity required when applying the modified control test in the congressional records context.

1

For the reasons set forth below, Defendant's motion to dismiss fares no better under Rule 12(b)(6) than it does under Rule 12(b)(1). CoA Institute respectfully requests that the Court deny the motion and order Defendant to conduct a search for responsive records.

## ARGUMENT

The FOIA affords a judicially-enforceable right of access to records of the Executive Branch. 5 U.S.C. § 552(a). That right of access includes records that reflect the interaction of federal agencies with the co-ordinate branches of government. *See* Memo. in Opp'n to Def.'s Mot. to Dismiss at 6, ECF No. 12 ("The mere fact that a record relates to the JCT, was created by the JCT, or was transmitted by the IRS to the JCT . . . does not by itself render it a congressional record outside the scope of the FOIA.") [hereinafter Opp'n]. In this case, however, Defendant claims that any and all records responsive to CoA Institute's FOIA requests are "categorically congressional" and seeks dismissal for lack of subject-matter jurisdiction on that basis. Internal Revenue Serv.'s Suppl. Br. in Supp. of its Mot. to Dismiss at 6, ECF No. 15 [hereinafter Def.'s Suppl. Br.].

Neither the text of the FOIA nor controlling case law imposes the sort of elemental hurdles to subject-matter jurisdiction suggested by Defendant. Statutory references to jurisdiction in the FOIA implicate a district court's remedial power against agencies that have unlawfully withheld non-exempt agency records, not the court's authority to hear the case. This interpretation of the FOIA has been expounded upon by the D.C. Circuit and, more recently, the Second Circuit. The interpretation also is consistent with controlling Supreme Court decisions. The applicable rule for a motion to dismiss in this case is therefore Rule 12(b)(6), not Rule 12(b)(1).

CoA Institute has brought well-pleaded claims against the IRS arising under the FOIA. The question of whether responsive records are "congressional records" outside of "agency control" is a merits determination involving a fact-based examination of all the records at issue. To date, Defendant has failed to demonstrate that all records responsive to CoA Institute's requests

are congressional records.  *See* Opp'n at 7–17.  The Court therefore should deny Defendant's

motion, regardless of whether it considers the motion under Rule 12(b)(1) or Rule 12(b)(6).

I.      **Defendant's motion to dismiss should be considered under Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

       A.      **The FOIA's "jurisdictional" provision implicates a federal district court's remedial powers rather than its subject-matter jurisdiction.**

The Supreme Court has explained that "'[w]ithout jurisdiction [a] court cannot proceed at

all in any cause.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citing *Ex parte*

*McCardle*, 7 Wall. 506, 514 (1868)).  "Th[is] requirement that jurisdiction be established as a

threshold matter 'springs from the nature and limits of the judicial power of the United States' and

is 'inflexible and without exception.'"  *Id.* at 94–95 (citing *Mansfield, C. & L.M.R. Co. v. Swan*,

111 U.S. 379, 382 (1884)) (original alterations omitted).  Nevertheless, "'[j]urisdiction' is a word

of many, too many meanings," and it is not always used in a clear-cut way.  *United States v.*

*Vanness*, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996).  "[I]t is commonplace for the term to be used,"

for example, only to "specify[] the remedial *powers* of the court[.]"  *Steel Co.*, 523 U.S. at 90; *see*

Tr. of Mot. Hr'g at 19:13–18, *Cause of Action Inst. v. Internal Revenue Serv.*, No. 16-2354 (D.D.C.

Aug. 24, 2017) (THE COURT: [. . .] "[J]urisdiction has different meanings and components, and

other [courts] . . . have analyzed the relevant FOIA provisions as talking about the court's

jurisdiction to provide the remedies that are being requested as opposed to subject matter

jurisdiction.") [hereinafter Hr'g Tr.].

       This case is brought under the FOIA, which provides:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B).  This "jurisdictional" language refers to the power of the court to order a specific kind of remedy, not to the court's authority to hear a case in the first instance.  Indeed, it would be "unreasonable to read [Section 552(a)(4)(B)] as making all the elements of [a] cause of action under [the FOIA] . . . jurisdictional, rather than merely specifying the remedial powers" of a court to require an agency to satisfy a "violated requirement," such as the obligation to disclose non-exempt agency records.  *Steel Co.*, 523 U.S. at 90 (emphasis omitted); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.").  Yet that is precisely what Defendant proposes in its supplemental brief supporting its Rule 12(b)(1) motion.

Defendant goes astray because it confuses the elements of a FOIA claim—an allegation that "an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records,'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)—with the broader concept of subject-matter jurisdiction.  *See Steel Co.*, 523 U.S. at 89 ("It is firmly established . . . that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case.") (citation omitted).

The United States Court of Appeals for the Second Circuit, in *Main Street Legal Services, Inc. v. National Security Council*, 811 F.3d 542 (2d Cir. 2016), recently analyzed the function of the word "jurisdiction" in Section 552(a)(4)(B) and reached a conclusion analogous to the Supreme Court's holding in *Steel Co.*  The FOIA's reference to "jurisdiction," the Second Circuit explained, does not "implicate subject-matter jurisdiction" but instead refers to a district court's "remedial power."  *Id.* at 566 (citations omitted).  The statute "does not speak to the court's ability to adjudicate a claim, but only to the remedies that the court may award."  *Id.* (citation omitted); *accord Steel Co.*, 523 U.S. at 91–92 ("[A] statute saying 'the district court shall have jurisdiction

4

to remedy violations [in specified ways]'" does not "render[] the existence of a violation necessary for subject-matter jurisdiction."). Arguments or affirmative defenses concerning a defendant's status as an "agency," its use of exemptions, the adequacy of its search, or the absence of its control over records therefore cannot defeat subject-matter jurisdiction.

Thus, insofar as CoA Institute alleges a violation of the FOIA—that is, describes the IRS's failure to render a lawful determination on a valid FOIA request and to produce all non-exempt agency records—its complaint falls squarely with this Court's power to adjudicate FOIA disputes and the complaint could only be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[1] There is no dispute that CoA Institute has stated such a claim. CoA Institute avers that Defendant's refusal to conduct a search, and its categorical determination that any responsive records would be congressional records outside agency control, amounts to an unlawful withholding. Counter-arguments concerning the congressional nature of yet-to-be-identified records speak only to the ability of the Court to provide the requested injunctive relief. "Agency control," in other words, does not present a question of subject-matter jurisdiction in this case but speaks to whether the IRS is justified in its stated reasons for not producing responsive records—a question to be answered at the merits stage of this proceeding.

**B.    The Second Circuit's decision in *Main Street Legal Services* is consistent with Supreme Court case law interpreting Section 552(a)(4)(B).**

Defendant's argument depends on its confused reading of three Supreme Court decisions: *Kissinger v. Reporters Committee for Freedom of the Press*, *Department of Justice v. Tax Analysts*,

---

[1] The difference between Rule 12(b)(1) and Rule 12(b)(6) is particularly important with respect to the consideration of materials outside the pleadings. Under Rule 12(b)(1), a court can "consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction[.]" *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000). But under Rule 12(b)(6), it may only consider "facts alleged in the complaint, documents attached as exhibits or incorporated by reference," and "documents upon which the plaintiff's complaint necessarily relies." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011).

and *Forsham v. Harris*.  But these cases actually support the understanding of "jurisdiction" in Section 552(a)(4)(B) adopted by the Second Circuit in *Main Street Legal Services*.

In *Kissinger v. Reporters Committee for Freedom of the Press*, the Supreme Court explained that the FOIA "authorizes federal courts to ensure private access to requested materials . . . upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"  445 U.S. at 150.  This "jurisdictional" authority was described in terms of "devis[ing] remedies and enjoin[ing] agencies" once it is determined that an "agency has contravened all three components of [its] obligations" under the FOIA.  *Id.*  Judicial resolution of a dispute over whether a withholding has occurred, whether that withholding was proper, or whether records are under agency control, requires a fact-based inquiry.  An agency's argument that it has not violated the FOIA cannot deprive a court of its jurisdiction to entertain well-pleaded claims in the first instance.  Defendant is therefore incorrect to suggest that "[t]he issue of congressional intent to control records goes to the question of a court's jurisdiction[.]"  Def.'s Suppl. Br. at 3.  On the contrary, the sufficiency of congressional intent to render records beyond the reach of the FOIA is entirely merits-based and controls only the Court's grounds for providing relief.  *Cf. Nw. Airlines, Inc. v. Cty. of Kent, Mich.*, 510 U.S. 355, 365 (1994) ("The question whether a federal statute creates a claim for relief is not jurisdictional.").

In *Department of Justice v. Tax Analysts*, the Supreme Court similarly explained that, "[u]nless each of these [three] criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements."  492 U.S. 136, 142 (1989).  The court was not focused on the power of a district court to adjudicate FOIA claims as such— that is, on subject-matter jurisdiction—but on the prerequisite conditions for designing and granting specific remedies.  For that reason, it should come as no surprise that both *Kissinger* and

6

*Tax Analysts* involved cross-motions for summary judgment.[2]  Defendant also misreads and decontextualizes *Tax Analysts* by arguing that "[a]lthough a control inquiry for 'withheld' replicates part of the test for 'agency records,' FOIA's structure and legislative history make clear that agency control over requested materials is a 'prerequisite to triggering *any* duties under the FOIA.'"  Def.'s Suppl. Br. at 3 (citing *Tax Analysts*, 492 U.S. at 148 n.9).  That language cannot be read as impinging on subject-matter jurisdiction; it refers instead to the test for determining when a proper "withholding" has taken place.

In *Tax Analysts*, the Supreme Court ruled in relevant part that copies of "district court tax decisions" were "withheld" because the agency "refused to comply with . . . requests" for those decisions, which were still in the possession of the agency, "on [its] premises and otherwise in [its] control."  492 U.S. at 149.  The court further explained that the *Kissinger* court had refused to order a "retrieval action" by the State Department against the Library of Congress to recover a former Secretary's personal files because the records at issue had been "physically delivered to the Library" at the time the request was made, such that there could not have been a "withholding." *Id.* at 148 (citation omitted); *see Kissinger*, 445 U.S. at 150–51 ("[T]he agency ha[d] neither the custody [n]or control necessary to enable it to withhold.").  The court "would have . . . [had to] read the 'hold' out of 'withholding'" to reach a different result.  *Kissinger*, 445 U.S. at 151; *see Tax Analysts*, 492 U.S. at 148 n.10.  It was in this context that both *Tax Analysts* and *Kissinger* dealt with "agency control" and "withholding."  The decisions, in other words, stand for the proposition that a court cannot oblige an agency to disclose records unless it has violated the FOIA.

---

[2] *See Kissinger*, 445 U.S. at 145; *Reporters Comm. for Freedom of the Press v. Vance*, 442 F. Supp. 383, 387 (D.D.C. 1977); *see also Tax Analysts v. Dep't of Justice*, 643 F. Supp. 740, 742 (D.D.C. 1986).  Both the Supreme Court and the D.C. Circuit incorrectly described the lower court in *Tax Analysts* as having ruled on a "motion to dismiss."  492 U.S. at 140–41; *Tax Analysts v. Dep't of Justice*, 845 F.2d 1060, 1063 (D.C. Cir. 1988).  The district court's opinion, however, is clear that it resolved "cross-motions for summary judgment pursuant to Fed. R. Civ. P. 56(b)."  *Tax Analysts*, 643 F. Supp. at 742.

But reaching that determination requires an adjudication on the merits, and perhaps even fact-finding or discovery.  Subject-matter jurisdiction does not come into it.[3]

The Supreme Court's analysis in other decisions does not detract from the persuasiveness of the Second Circuit's holding in *Main Street Legal Services*.  For instance, although Defendant relies upon *Forsham v. Harris*, 445 U.S. 169 (1980), to argue that "the question of whether a record is an 'agency record' is a 'threshold' matter," Def.'s Suppl. Br. at 2, Defendant misinterprets that case.  First, the district court in *Forsham* reached its decision on whether records created by federal grantees were "agency records" on the merits.  445 U.S. at 176 ("The District Court granted summary judgment in favor of respondents [and] . . . [t]he Court of Appeals affirmed[.]").  More importantly, the Supreme Court was clear that its consideration of "jurisdiction" was limited to the ability of "an individual to obtain access to documents."  *Id.* at 177.  The *Forsham* court was not examining whether the plaintiff had brought a well-pleaded claim arising under federal law and it did not intend to restrict district courts, as a general matter, from adjudicating FOIA claims that may present difficult—or novel—factual circumstances.  *Id.* at 182 ("[Our] considerations do not finally conclude the inquiry, for conceivably other facts might indicate that the documents . . . could be 'agency records[.]'").

Finally, it is worth noting that the Second Circuit's decision in *Main Street Legal Services* resolves the supposed "contradiction" that Defendant attempts to create between the Supreme

---

[3] It is unclear why the "agency records" question is any more "jurisdictional," in the sense proposed by Defendant, than a question about whether some other kind of withholding has occurred or whether that withholding is proper.  *See Kissinger*, 445 U.S. at 150; *see also Tax Analysts*, 492 U.S. at 142 ("Unless *each of these* [three] criteria is met, a district court lacks jurisdiction[.]") (emphasis added).  To wit: Defendant claims that the privileging of records under the Speech or Debate Clause is "a merits issue, not a jurisdictional one."  Internal Revenue Serv.'s Reply in Supp. of its Mot. to Dismiss at 2 n.1, ECF No. 13 [hereinafter Def.'s Reply].  But on Defendant's rationale, as articulated in its supplemental brief, the proper use of the Speech or Debate Clause should, in fact, be an issue of subject-matter jurisdiction.  Adoption of Defendant's position, in other words, would collapse almost all FOIA adjudications into jurisdictional determinations because Defendant cannot support its separate treatment of "agency records" from the other *Kissinger* elements.

Court's "mandate" in *Kokkonen v. Guardian Life Insurance Co. of America* and its assignment of "burden" in *Tax Analysts*.  In *Tax Analysts*, the court explained that, under the FOIA, "[t]he burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly' withheld."  492 U.S. at 142 n.3.  Defendant argued that this directive "contradict[s] the mandate in *Kokkonen* . . . that '[i]t is to be presumed that a cause lies outside [the court's] limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"  Memo. in Support of the Internal Revenue Serv.'s Mot. to Dismiss at 10 n.4, ECF No. 11-1 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  If *Tax Analysts* and *Kissinger* speak to a court's remedial power—the conditions under which FOIA relief can be devised—as opposed to subject-matter jurisdiction—the power of the court to adjudicate a FOIA dispute—then there is no contradiction between the burden of the agency to demonstrate that the requested materials are not agency records and the general presumption that a requester bears the burden of establishing subject-matter jurisdiction.  *See* Opp'n at 4 (citing *U.S. Ecology, Inc. v. Dep't of the Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000)).

### C.    *Main Street Legal Services* **complements D.C. Circuit case law.**

The Second Circuit's reasoning in *Main Street Legal Services* is presaged by the D.C. Circuit's holding in *Citizens for Responsibility & Ethics in Washington v. Office of Administration*, 566 F.3d 219 (D.C. Cir. 2009) [hereinafter *CREW*].  In that case, while considering a district court's dismissal of a FOIA complaint under Rule 12(b)(1), the Circuit ruled that dismissal had been inappropriate because the requester's "claims were not 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit' to warrant 'dismissal for lack of subject-matter jurisdiction.'"  566 F.3d at 225 (citing *Steel Co.*, 523 U.S. at

89) (original alteration omitted).[4]  The Circuit did not reverse the district court, as the complaint could have been dismissed correctly under Rule 12(b)(6), but the implication of the ruling is clear: the *Kissinger* criteria concern the merits of a case and the grounds for relief, not subject-matter jurisdiction.

The *CREW* court's approach to this question was earlier adopted in *Sweetland v. Walters*, 60 F.3d 852 (D.C. Cir. 1995), which concerned a FOIA request sent to the Executive Residence of the President—a sub-component of the White House.  Although the D.C. Circuit was unconvinced that the Executive Residence was an "agency" under the FOIA, it could not "agree that the district court lacked subject-matter jurisdiction" to hear the case. 60 F.3d at 855.  So long as the plaintiff's "claim [arose] under the laws of the United States," it was enough "to establish the district court's jurisdiction," even if the relevant statute may not have actually applied to the named defendant.  *Id.* (citing *Haddon v. Walters*, 43 F.3d 1488, 1490 (D.C. Cir. 1995)).[5]  This same understanding of jurisdiction also has been applied in the Privacy Act context.  *Kleiman v. Dep't of Energy*, 956 F.2d 335, 339 (D.C. Cir. 1992) ("'Plaintiff's statement of his own cause of action shows that it is based upon federal law,' such that it is a 'civil action arising under the . . . laws . . . of the United States.'") (citations and original brackets omitted).

In this case, CoA Institute's complaint sets out well-pleaded claims against the IRS under the FOIA, a federal statute.  CoA Institute's allegations regarding the status of responsive records

---

[4] Specifically, the requester in *CREW* argued that the Office of Administration—a component of the Executive Office of the President—was an "agency" subject to the FOIA.

[5] District courts routinely follow *CREW* and *Sweetland* by dismissing under Rule 12(b)(6) when a defendant entity is found not to be an "agency" under the FOIA.  *E.g.*, *Elec. Privacy Info. Ctr. v. Nat'l Sec. Agency*, 795 F. Supp. 2d 85, 89–90 (D.D.C. 2011); *Taitz v. Ruemmler*, No. 11-1421, 2011 WL 4916936 (D.D.C. Oct. 17, 2011); *Int'l Counsel Bureau v. Cent. Intelligence Agency*, No. 09-2269, 2010 WL 1410561, at *1 n.3 (D.D.C. Apr. 2, 2010) ("Although [the defendant] moved to dismiss for lack of subject matter jurisdiction . . . the D.C. Circuit has concluded that where an individual has submitted a FOIA request to an entity that is not an 'agency' . . . the Court must dismiss . . . under Rule 12(b)(6).").

as "agency records" is not so "immaterial and made solely for the purpose of obtaining jurisdiction,' or 'wholly insubstantial and frivolous,'" as to warrant dismissal for lack of subject-matter jurisdiction.  *Id.* (citing *Bell*, 327 U.S. at 682–83); *see* also *Steel Co.*, 523 U.S. at 89 ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'") (citing *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)).  On the contrary, the instant case presents a difficult, even novel, set of factual circumstances that requires the Court's careful consideration on the merits.

The decision in *Earle v. Department of Justice*, 217 F. Supp. 3d 117 (D.D.C. 2016), which concerned the futility of an agency's search, is instructive in this respect.  The *Earle* court recognized *CREW* and *Sweetland* as "authority that suggests that the inquiry into sufficiency of the allegation that the agency has improperly withheld records is a merits-based inquiry."  *Id.* at 123 (citing *CREW*, 566 F.3d at 225; *Sweetland*, 60 F.3d at 855).  Accordingly, the court felt "constrained to go on" to dispose of the government's motion under Rule 56(a).  *Id.*; *see also* *Jenkins v. Dep't of Justice*, No. 16-1676, 2017 WL 2982946, at *3 (D.D.C. July 12, 2017) (dismissing APA claims under Rule 12(b)(1), but disposing of FOIA claims under Rule 56(a)).

Finally, CoA Institute's lawsuit is distinguishable from those rare cases in which FOIA claims have, in fact, been dismissed under Rule 12(b)(1).  Such cases typically involve far-fetched arguments, usually about whether individual persons are subject to the FOIA.  In *Voinche v. Obama*, for example, the district court dismissed a *pro se* requester's claims against Presidents Bush and Obama in their personal capacity.  744 F. Supp. 2d 165, 172 (D.D.C. 2010); *see also* *Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C. 1991) (dismissing claims against individual

11

officials).  Tellingly, the *Voinche* court dismissed concurrent claims against the Executive Office

of the President and the Office of Administration under Rule 12(b)(6).  744 F. Supp. 2d at 172; Br.

for Appellees at 11, *Voinche v. Obama*, No. 10-5357 (D.C. Cir. filed Jan. 19, 2011) ("The district

court was correct to dismiss under Rule 12(b)(6) the remainder of plaintiff's FOIA claims . . .

against the OA and EOP[.]") (citing *CREW*, 566 F.3d at 224).  Other cases have involved

jurisdictional issues inapplicable here, such as the FOIA's statute of limitations, *e.g.*, *Spannaus v.*

*Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987); *Bigwood v. Def. Intelligence Agency*, 699 F.

Supp. 2d 114, 115 n.3 (D.D.C. 2010), or suits filed in courts that were not "district courts" within

the meaning of Section 552(a)(4)(B), *e.g.*, *Mangham v. Shinseki*, No. 07-1338, 2009 WL 799541,

at *2 (Vet. App. Mar. 25, 2009); *Clark v. United States*, 116 F. App'x 278, 279 (Fed. Cir. 2004).

None of those issues are present in this case.

### D.    Defendant has waived its sovereign immunity.

Defendant's foray into the question of sovereign immunity unnecessarily diverts the

Court's attention.  Neither party disputes "'[t]he basic rule of federal sovereign immunity . . . that

the United States cannot be sued at all without the consent of Congress.'"  *Kalodner v. Abraham*,

310 F.3d 767, 769 (D.C. Cir. 2002) (citing *Block v. N. Dakota*, 461 U.S. 273, 287 (1983)).  But

the FOIA constitutes such a waiver of sovereign immunity and grants federal district courts the

power to adjudicate FOIA claims.

The waiver of sovereign immunity in the FOIA context simply requires that plaintiffs

(1) allege all the elements of a claim arising under the statute and (2) request only the permissible

injunctive relief.  *See Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 777 (D.C. Cir. 2002)

("FOIA represents . . . a comprehensive scheme, which provides requesters with the potential for

injunctive relief . . . to enjoin the withholding of documents or to compel production of agency

records."); *Roman v. Nat'l Reconnaissance Office*, 952 F. Supp. 2d 159, 163 (D.D.C. 2013).

A FOIA complaint that does not raise claims against an agency—or, more precisely, fails to allege that a defendant is, in fact, an agency—lies outside the federal government's waiver of sovereign immunity. *See Cunningham v. Dep't of Justice*, 961 F. Supp. 2d 226, 240–41 (D.D.C. 2013) ("To the extent that [the requester] has sued the individual Defendants in their official capacities, he has failed to state a valid waiver of sovereign immunity."); *id.* at 239–40 ("FOIA relief may only be obtained from covered federal agencies."); *see also Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("[T]he district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under . . . the FOIA.); *id.* ("Both statutes concern the obligations of agencies as distinct from individual employees in those agencies."). Similarly, if a complaint fails to satisfy the FOIA's statute of limitations, sovereign immunity concerns are in play. *See Spannaus*, 824 F.2d at 55 (describing the FOIA's limitations period as a "jurisdictional condition attached to the . . . waiver of sovereign immunity").

Defendant, by contrast, has never argued that the IRS is not an agency for purposes of the FOIA or that CoA Institute otherwise failed to plead its claims adequately. Defendant only contests whether all responsive records are "agency records." *See* Def.'s Reply at 2 ("The IRS's motion to dismiss raises a *factual* challenge to [CoA Institute's] jurisdictional allegations," rather than a facial challenge to those allegations' legal sufficiency.). As explained above, that is a question for the merits.

Here, because CoA Institute brings its claim under the FOIA and seeks records from the IRS, there can be no sovereign immunity impediment. The IRS is an agency subject to the FOIA and is in receipt of a facially valid FOIA request from CoA Institute. Defendant's argument goes astray because it improperly conflates a district court's jurisdiction to adjudicate a FOIA dispute

with that court's ability to devise specific remedies.  The D.C. Circuit's recognition of "special policy" considerations for ostensible "congressional records" notwithstanding, *see* Def.'s Suppl. Br. at 4–5, the modified control test can only be applied after a search for responsive records has been carried out and a universe of records has been identified.  *See* Opp'n at 12, 17–21.

E.    **Defendant fails to distinguish the relevant case law.**

Defendant attempts to distinguish *CREW* and other relevant decisions on various, but ultimately unpersuasive, grounds.  First, Defendant argues that *CREW* involved a "narrow and unique factual question" about whether "a subcomponent of the Executive Office of the President was not an 'agency' under the FOIA[.]"  Def.'s Suppl. Br. at 7.  As a result, "[t]he holding of *CREW* [should be] limited to its unique facts and unusual procedural history[.]"  *Id.*  Defendant also urges this Court to reject the *CREW* decision because the case "did not discuss whether there was a waiver of sovereign immunity."  *Id.* at 8.

As discussed above, the waiver of sovereign immunity is not relevant to this case and neither is the limited FOIA case law that explicitly addresses the waiver.  *See supra* pp. 12–14.  CoA Institute's timely complaint articulates claims against an agency and plausibly alleges that responsive records are under agency control.  Moreover, the *CREW* case merely dealt with a different aspect—whether the defendant was an "agency"—of the same question in this case, namely, whether the Court possesses the remedial power to provide injunctive relief in favor of a requester.  *See Kissinger*, 445 U.S. at 150 (The FOIA "authorizes federal courts to ensure private access to requested materials . . . upon a showing that *an agency* has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'") (emphasis added).

Defendant's other attempts to distinguish *CREW* are ineffectual.  Defendant claims that "the *CREW* court's citation to *Steel Co.* . . . cannot support the weight placed on it . . . [because it] was a suit between private parties," did not "create a hierarchy of jurisdictional issues," and failed

14

to give due credit to sovereign immunity.  Def.'s Suppl. Br. at 11–12.  But subject-matter jurisdiction, as a general concept, does not depend on any specific statutory context.  Further, Defendant itself relies on two non-FOIA cases to distinguish *Steel Co.* and *CREW*.  *Id.* (citing *Hwang Geum Joo v. Japan*, 413 F.3d 45 (D.C. Cir. 2005), and *Kalodner v. Abraham*, 310 F.3d 767 (D.C. Cir. 2002)).  Defendant's reasoning simply depends on a confused understanding of sovereign immunity and subject-matter jurisdiction under the FOIA.

Defendant points to *Bureau of National Affairs, Inc. v. Department of Justice*, 742 F.2d 1484 (D.C. Cir. 1984), as the controlling D.C. Circuit precedent.  Def.'s Suppl. Br. at 9–10.  That case concerned, in relevant part, a request for "records of appointments between . . . [the] then Assistant Attorney General for Antitrust, and all parties outside the Justice Department."  742 F.2d at 1487.  At the administrative stage, the agency refused to produce any responsive documents— "desk appointment calendars" and "daily agendas"—because they were not "agency records."  *Id.* The district court agreed and "granted the government's motion for summary judgment," *id.*, thus resolving the case on the merits, rather than dismissing for lack of subject-matter jurisdiction.

Although the *Bureau of National Affairs* court described "[t]he requirement that materials sought by a private party be 'agency records'" as "jurisdictional," it nevertheless clarified that by "jurisdiction" it was referring to the conditions under which "the district court h[as] *authority to compel disclosure*."  *Id.* at 1488 (citing *Kissinger*, 445 U.S. at 150) (emphasis added).  The Circuit accordingly focused on its application of the agency control factors to an identifiable set of records. *Id.* at 1490 ("[Our] inquiry necessarily must focus on a variety of factors surrounding the creation, possession, control, and use of the document[s]").[6]

---

[6] *Bureau of National Affairs* predates the formalized, multi-factor agency control test articulated by the D.C. Circuit in *Burka v. Department of Health & Human Services*, 87 F.3d 508 (D.C. Cir. 1996).

Far from conflicting with the later C*REW* decision, *Bureau of National Affairs* is therefore consistent with *CREW* and supports CoA Institute's position in this case.  As the D.C. Circuit explained, "records are presumptively disclosable," *id.* at 1494, and "it is necessary to look at the circumstances surrounding [their] creation, maintenance and use" to determine whether an agency has met its obligations under the FOIA.  *Id.*  This approach presupposes the sort of fact-based examination of records that Defendant rejects and that would not otherwise factor into the preliminary consideration of subject-matter jurisdiction.

Finally, Defendant argues that the district court's decision in *American Civil Liberties Union v. Central Intelligence Agency*, 105 F. Supp. 3d 35 (D.D.C. 2015), should control here because it involved a "congressional record beyond the reach of FOIA" and dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction.  Def.'s Suppl. Br. at 10.  This Court has rightly expressed skepticism towards the precedential value of *ACLU*.  *See* Hr'g Tr. 90:04–12 ("[The D.C. Circuit] did not discuss the issue [of Rule 12(b)(1)].").  Indeed, the entirety of Defendant's argument depends on the significance of the Circuit's description of the opinion below as "eminently well-reasoned."  *Am. Civil Liberties Union v. Cent. Intelligence Agency*, 823 F.3d 655, 661 (D.C. Cir. 2016).  Those words cannot carry the day.

The D.C. Circuit in *ACLU* did not analyze the meaning of "jurisdiction" under Section 552(a)(4)(B) but focused on the application of the modified control test to a single, identified record.  The absence of any serious review of the appropriateness of the dismissal under Rule 12(b)(1) speaks more to the requester's failure to raise the issue on appeal.  *See* Br. for Pls.-Appellants, *Am. Civil Liberties Union v. Cent. Intelligence Agency*, No. 15-5183 (D.C. Cir. filed Nov. 16, 2015).  This is in contradistinction to the proceedings in *CREW*, where the requester explicitly appealed the district court's dismissal under Rule 12(b)(1).  *See* 566 F.3d at 225; *see*

16

*also* Br. of Appellant at 31–35, *Citizens for Responsibility & Ethics in Wash. v. Office of Admin.*, No. 08-5188 (D.C. Cir. filed Aug. 22, 2008).  Because *CREW* provides an in-depth analysis of the issue at hand, this Court should look to it as the controlling precedent.

## II.    Whether considered under Rule 12(b)(1) or Rule 12(b)(6), the Court should deny the pending motion to dismiss.

As the Court suggested during oral argument, *e.g.*, Hr'g Tr. 19:12–20:03, and as discussed above, Defendant has improperly moved to dismiss under Rule 12(b)(1).  The pending motion should have been brought under Rule 12(b)(6).  Defendant confuses Section 552(a)(4)(B)'s use of "jurisdiction," which refers to the court's remedial power under the FOIA, with the more fundamental concept of subject-matter jurisdiction.  Defendant also has failed to attack the legal sufficiency of CoA Institute's complaint, instead describing its motion as a "factual challenge." On that basis, the Court should deny the pending motion under Rule 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  At a minimum, the complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing Fed. R. Civ. Pro. 8(a)(2)). "When ruling on a . . . motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint" and "grant the plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Voinche*, 744 F. Supp. 2d at 170 (internal citations, quotation marks, and original alterations omitted).   "[O]nly a complaint that states a plausible claim for relief survives[.]"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In considering the motion, the court may only examine "facts alleged in the complaint, documents attached as exhibits or incorporated by

reference," and "documents upon which the plaintiff's complaint necessarily relies." *Ward*, 768 F. Supp. 2d at 119.

In this case, CoA Institute has properly alleged that the IRS is an agency subject to the FOIA and that it improperly withheld records in response to valid FOIA requests sent to and received by the IRS. Defendant also identified its motion as a *factual* challenge to CoA Institute's claims, rather than a legal challenge. Def.'s Reply at 2. Without the supporting affidavits and evidence attached to its motion, Defendant has no evidence to establish that all records responsive to CoA Institute's FOIA requests are congressional records, especially as it has yet to search for and identify the records at issue. Without taking such steps, it would be premature to grant the motion to dismiss under Rule 12(b)(6) or, alternatively, to convert it to a motion for summary judgment under Rule 56. At a minimum, the disputed material facts can only be resolved with an adequate search and detailed application of the modified control test. A motion under Rule 12(b)(6) accordingly should be denied.

Alternatively, if the Court's accepts Defendant's arguments concerning the propriety of moving to dismiss under Rule 12(b)(1), the Court should still deny the motion for the reasons articulated in CoA Institute's opposition brief. Considering the applicable legal standards and the undisputed material facts in the record, Defendant has failed to make its case. Opp'n. at 11–13. Defendant misunderstands and misapplies the modified control test. Its evidence merely "underscores [its] improper attempt to use broad, generalized language, and references to pre-existing practice and policy, to exempt a wide swath of records that should be available under the FOIA." *Id.* at 13.

## **CONCLUSION**

For the foregoing reasons, CoA Institute respectfully requests that the Court deny Defendant's motion to dismiss. Considered as a motion under Rule 12(b)(6), CoA Institute has

articulated well-pleaded FOIA claims against an undisputed federal agency in a federal district court, and Defendant concedes that it does not question the legal sufficiency of the complaint. The question of whether this Court may grant the requested relief—that is, whether any records responsive to CoA Institute's FOIA requests are congressional records not subject to disclosure— is a merits determination that should not be considered on a motion to dismiss under Rule 12(b)(1). At this stage of the proceeding, Defendant cannot meet and has not met its burden of proving that all records responsive to CoA Institute's FOIA requests are congressional records. The pending motion therefore should be denied and Defendant ordered to conduct a search for records responsive to the FOIA requests at issue in this case.

Dated: October 4, 2017                                    Respectfully submitted,

                                                          */s/ Ryan P. Mulvey*
                                                          Ryan P. Mulvey
                                                          (D.C. Bar No. 1024362)
                                                          Lee A. Steven
                                                          (D.C. Bar No. 468543)

                                                          CAUSE OF ACTION INSTITUTE
                                                          1875 Eye Street, N.W., Ste. 800
                                                          Washington, D.C. 20006
                                                          Telephone: (202) 499-4232
                                                          Facsimile: (202) 330-5842
                                                          ryan.mulvey@causeofaction.org
                                                          lee.steven@causeofaction.org

                                                          *Counsel for Plaintiff*