# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAUSE OF ACTION INSTITUTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-2354 (KBJ) |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

In June of 2016, Plaintiff Cause of Action Institute ("CoA Institute") submitted two requests to the Internal Revenue Service ("IRS") under the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552 *et seq.*, seeking disclosure of certain communications and records exchanged between the IRS and the United States Congress Joint Committee on Taxation ("JCT") from 2009 until the present. (*See* Compl., ECF No. 1, ¶¶ 7, 9). The IRS declined to produce any responsive records on the grounds that CoA Institute was requesting "non-agency Congressional records that are not subject to the FOIA." (*Id.* ¶ 17 (internal quotation marks and citation omitted).) CoA Institute then filed the complaint in the instant case, which alleges that the IRS has improperly withheld "agency records" and seeks a Court order requiring the agency to produce the documents that CoA Institute has requested. (*See id.* ¶¶ 25–34; *see also id.*, Relief Requested, at 8.)[1]

---

[1] Page-number citations to the documents that the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

Before this Court at present is the IRS's motion to dismiss CoA Institute's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (*See* IRS's Mot. to Dismiss, ECF No. 11.) The IRS maintains that this Court lacks subject-matter jurisdiction to adjudicate CoA Institute's claim that the agency is violating federal law, because "to the extent that such records exist," they "are not 'agency records' subject to the FOIA's disclosure requirements." (Mem. in Supp. of IRS's Mot. to Dismiss ("Def.'s Mem."), ECF No. 11-1, at 13.) In this regard, the IRS insists that this Court cannot exercise jurisdiction over CoA Institute's improper-withholding claim under the FOIA unless the Court first determines that the requested documents qualify as "agency records" for FOIA purposes; in other words, the agency conceives of its challenge to the character of the records at issue here as one that relates to this Court's subject-matter jurisdiction. (*See id.* ("The Court lacks jurisdiction if the records at issue are not 'agency records.'").) For the reasons explained fully below, this Court disagrees. The Court is confident that the IRS's not-agency-records challenge is one that pertains to the *merits* of CoA Institute's FOIA claim, rather than this Court's power to adjudicate the dispute and grant the requested relief, and the allegations of CoA Institute's complaint are more than sufficient to satisfy the minimal pleading requirements that are applicable to the initial stage of FOIA litigation. Therefore, the IRS's motion to dismiss CoA Institute's complaint under Rule 12(b)(1) for lack of jurisdiction (or otherwise) must be **DENIED**. A separate Order consistent with this Memorandum Opinion will follow.

# I. BACKGROUND

## A. The Underlying Facts[2]

The JCT (the oldest joint committee of Congress) is statutorily authorized to monitor and investigate "the operation and effects of the Federal system of internal revenue taxes" and "the administration of such taxes by the [IRS] or any executive department, establishment, or agency charged with their administration[.]"  26 U.S.C. § 8022(1)(A), (B).  To this end, the JCT routinely corresponds with the IRS concerning various matters.  (*See* Compl. ¶ 1.)  In mid-December of 2015, the IRS introduced guidance that "requir[ed] the [agency] to treat nearly all JCT-related records as 'congressional records' not subject to the FOIA."  (*Id.* ¶ 6 (internal quotation marks and citation omitted).)  CoA Institute—a "non-profit strategic oversight group" (*id.* ¶ 4)— promptly set out to challenge this new edict, which the group believed "contradict[ed] FOIA jurisprudence relating to the definition of agency records" (*id.* ¶ 7).

On June 22, 2016, CoA Institute submitted to the IRS the two FOIA requests that are the subject of the instant case.  (*See id.* ¶¶ 7, 9.)  The first request specifically sought, for the period between "January 21, 2009 to present[,]"

> (1)     All records transmitted between the IRS and the JCT, and all communications concerning such transmissions, which do not contain a legend restricting their use or dissemination[;]

> (2)     All communications between IRS Privacy, Governmental Liaison, and Disclosure ("PGLD") personnel, as well as other affected IRS functions or components, and the JCT concerning any determination to disclose or withhold IRS records that were the subject of a JCT oversight inquiry[;]

---

[2] The facts recited herein are gleaned from Plaintiff's complaint, and this Court has treated the complaint's allegations as true for the purpose of resolving the instant motion to dismiss.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

(3)      All records generated or maintained by the IRS in the normal course of its operations that were subsequently provided to the JCT in response to a general oversight inquiry[;]

(4)      All records generated or maintained by the IRS in the normal course of its operations that were subsequently provided to the JCT as part of IRS general oversight responsibilities, but which were not provided in response to a JCT inquiry[; and]

(5)      All records created by or originating at the JCT but which were provided to the IRS and are maintained by the IRS in any agency records system, including but not limited to the E-Trak Communication and Correspondence tracking system.

(*Id.* ¶ 7.)[3] CoA Institute's second FOIA request, which also covered the period between "January 21, 2009 to the present[,]" sought "[a]ll communications between the IRS and the JCT containing any one of thirty-eight (38) specifically identified search terms." (*Id.* ¶ 9 (alteration in original; internal quotation marks omitted); *see also* FOIA Request, Ex. 3 to Compl., ECF No. 1-3, at 2.)

On August 8, 2016, the IRS categorically denied both FOIA requests, stating, *inter alia*, that "any records responsive to either . . . request[], to the extent they exist, are non-agency Congressional records that are not subject to the FOIA." (Compl. ¶ 17 (alterations, internal quotation marks, and citation omitted).) CoA Institute administratively appealed the IRS's final responses, including the agency's determination that the requested records "were non-agency congressional records not subject to the FOIA" (*id.* ¶ 19), and the IRS Appeals Office affirmed the agency's denial of the FOIA requests on November 22, 2016 (*see id.* ¶ 23).

---

[3] "In this request, CoA Institute clarified that the IRS should 'exclude from the scope' of its search 'any records concerning 26 U.S.C. §§ 6045, 6405, and 8022(2).'" (Compl. ¶ 8.)

## B.    Procedural History

On December 1, 2016, CoA Institute filed a complaint in this Court alleging that the IRS's refusal to search for, and produce, the requested records was improper because it violated the FOIA. (*See id.* ¶¶ 25–34.) The IRS filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on February 21, 2017 (*see* IRS's Mot. to Dismiss), and, in so doing, the agency relied on supporting declarations by Thomas Barthold, who is the JCT's Chief of Staff (*see* Decl. of Thomas A. Barthold, ECF No. 11-2), and Scott Landes, who is a Supervisory Management and Program Analyst with the IRS (*see* Decl. of Scott S. Landes, ECF No. 11-3), as well as on various other supporting materials and evidence (*see* Joint Comm. on Taxation Policy Manual (July 1, 2007), ECF No. 11-4; Letter from Barthold to John Koskinen (Aug. 3, 2016), ECF No. 11-5).

After the IRS's motion was fully briefed, this Court held a motion hearing, during which it became clear that the agency's subject-matter jurisdiction argument rested entirely on the issue of whether or not the records that are responsive to CoA Institute's FOIA requests qualify as "agency records" that are subject to the FOIA, or "congressional records" that are not subject to the FOIA. (*See, e.g.*, Hr'g Tr., ECF No. 17, at 18:8–19:22; *see also* Def.'s Mem. at 13–23; Mem. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 12, at 10–26; Def.'s Reply in Supp. of Its Mot. to Dismiss ("Def.'s Reply"), ECF No. 13, at 6–17.) According to the IRS, this Court lacks subject-matter jurisdiction over CoA Institute's FOIA claim—and should therefore dismiss it under Rule 12(b)(1)—simply and solely because the requested records are congressional, not agency, records. (*See* Def.'s Mem. at 13–14.)

In response to this Court's inquiry regarding whether the IRS's motion to dismiss was properly brought under Rule 12(b)(1), as a challenge to this Court's subject-matter jurisdiction, or was, in fact, a challenge to the sufficiency of CoA Institute's complaint on the merits under Rule 12(b)(6) (*see* Hr'g Tr., at 18:20–19:6), the IRS requested the opportunity to submit supplemental briefing on that narrow question (*see* Def.'s Consent Mot. for Suppl. Briefing, ECF No. 14, at 1), which the Court allowed (*see* Min. Order of Aug. 28, 2017; *see also* IRS's Suppl. Br. in Supp. of Its Mot. to Dismiss ("Def.'s Suppl. Br."), ECF No. 15; Pl.'s Suppl. Br. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Suppl. Br."), ECF No. 16). In its supplemental brief, the IRS continues to assert that its challenge to CoA Institute's complaint is jurisdictional per the FOIA statute, and thus that the agency's motion to dismiss should be considered under Rule 12(b)(1) and not Rule 12(b)(6). (*See* Def.'s Suppl. Br. at 7.) For its part, CoA Institute argues that the relevant "jurisdictional" language in the FOIA statute "refers to the power of the court to order a specific kind of remedy, not to the court's authority to hear a case in the first instance" (Pl.'s Suppl. Br. at 9), and thus, "the pending motion should be considered under Rule 12(b)(6)" (*id.* at 6).

## II.    LEGAL STANDARDS

### A.    Motions To Dismiss Pursuant To Rule 12(b)(1) In FOIA Cases

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *Custis v. CIA*, 118 F. Supp. 3d 252, 254 (D.D.C. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject-matter jurisdiction defines the court's power to entertain a case at all, and ultimately to confer the remedy that the plaintiff seeks, even assuming that the

plaintiff has a meritorious claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Thus, a jurisdictional issue is one that pertains to the scope or extent of a court's power to act; by contrast, a merits issue is one that pertains to the plaintiff's right to obtain the judicial action it seeks. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010) (distinguishing between "[s]ubject-matter jurisdiction, [which] refers to a tribunal's power to hear a case[,]" and the "quite separate . . . question [of] whether the allegations the plaintiff makes entitle him to relief" (alterations, internal quotation marks, and citations omitted)).

A defendant who seeks to have a federal district court dismiss the plaintiff's complaint due to a "lack of subject-matter jurisdiction" properly makes that request pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R Civ. P. 12(b)(1). "[T]he plaintiff bears the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction." *Whiteru v. Wash. Metro. Area Transit Auth.*, 258 F. Supp. 3d 175, 182 (D.D.C. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). When ruling on a Rule 12(b)(1) motion, the court must "treat the complaint's factual allegations as true" and afford the plaintiff "the benefit of all inferences that can be derived from the facts alleged"; however, factual allegations receive "closer scrutiny" in the 12(b)(1) context than in the 12(b)(6) context. *Delta Air Lines, Inc. v. Exp.–Imp. Bank of U.S.*, 85 F. Supp. 3d 250, 259 (D.D.C. 2015) (internal quotation marks and citation omitted). Moreover, and also unlike a Rule 12(b)(6) motion, a court may look to documents outside of the complaint to evaluate whether or not it has jurisdiction to entertain a claim. *See Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

Significantly for present purposes, when brought in the FOIA context, a Rule 12(b)(1) motion properly addresses the remedial aspect of a federal court's authority. This is because the FOIA's judicial review provision—5 U.S.C. § 552(a)(4)(B)—plainly "uses the language of 'jurisdiction' in erecting the boundaries of a district court's remedial powers under the FOIA[.]" *Campaign for Accountability v. U.S. Dep't of Justice*, 278 F. Supp. 3d 303, 312 (D.D.C. 2017) (citations omitted), *aff'd*, 922 F.3d 480 (D.C. Cir. 2019); *see also* 5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."). Thus, "Rule 12(b)(1) is the proper avenue by which a defendant may urge the court to dismiss a [FOIA] complaint on the grounds that it seeks a type of relief that the FOIA does not authorize." *Campaign for Accountability*, 278 F. Supp. 3d at 312; *see also, e.g.*, *Brown v. FBI*, 675 F. Supp. 2d 122, 129–30 (D.D.C. 2009) (granting dismissal for lack of subject-matter jurisdiction because the FOIA creates no right to pursue "advisory legal opinions"); *Logan v. United States*, 272 F. Supp. 2d 1182, 1187 (D. Kan. 2003) ("The Court has no subject matter jurisdiction . . . because [the FOIA] does not provide a private right of action for money damages." (citation omitted)). In other words, section 552(a)(4)(B) of Title 5 of the United States Code specifically prescribes the Court's jurisdiction with respect to the types of relief that are available when a plaintiff claims that an agency has violated the statute. *See Kennecott Utah Copper Corp. v. U.S. Dep't of Interior*, 88 F.3d 1191, 1202 (D.C. Cir. 1996); *see also Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Justice*, 846 F.3d 1235, 1240–42 (D.C. Cir. 2017).

**B.    Motions To Dismiss Pursuant To Rule 12(b)(6) In The FOIA Context**

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the sufficiency of a plaintiff's allegations by requesting dismissal on the grounds that the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Because the FOIA permits a court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant[,]" 5 U.S.C. § 552(a)(4)(B), "[a] FOIA plaintiff states a claim where it properly alleges that 'an agency has (1) improperly (2) withheld (3) agency records[,]'" *Cause of Action v. Nat'l Archives & Records Admin.*, 926 F. Supp. 2d 182, 185 (D.D.C. 2013) (citation omitted) (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)), *aff'd*, 753 F.3d 210 (D.C. Cir. 2014).

In FOIA cases, challenges to the merits of a plaintiff's claims "typically and appropriately are decided on motions for summary judgment[,]" *Judicial Watch, Inc. v. Dep't of the Navy*, 25 F. Supp. 3d 131, 136 (D.D.C. 2014) (quoting *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)), rather than on motions to dismiss. Indeed, "it is rare in FOIA cases for a court to grant a Rule 12(b)(6) motion to dismiss that assails the merits of the plaintiff's pleading—i.e., a motion that disputes the sufficiency of the allegations underlying the claim for relief[.]" *Campaign for Accountability*, 278 F. Supp. 3d at 313 (emphasis omitted). This "dearth of merits-based Rule 12(b)(6) dismissals most likely stems from the fact that most FOIA litigation arises under . . . the FOIA's 'reactive' disclosure provision," i.e., section

552(a)(3), which "indicates that an agency's denial of any procedurally compliant request for records is improper, at least as a *prima facie* matter." *Id.* (alterations, internal quotation marks, and citations omitted). Consequently, at the pleadings stage in a typical FOIA case, "it is quite straightforward . . . [and] relatively easy to plead the . . . elements of a FOIA claim—i.e., that an agency has withheld the requested records[,] . . . that the things that the agency withheld were agency records[,]" and that "[the] agency's withholding of [the] records was improper[.]" *Id.* (internal quotation marks omitted).

## III.   ANALYSIS

The IRS insists that the factual prerequisites for the exercise of a court's remedial powers with respect to a plaintiff's FOIA claim are, themselves, requirements that implicate this Court's subject-matter jurisdiction. (*See, e.g.*, Def.'s Mem. at 13–17; *see also id.* at 13 ("The Court lacks jurisdiction if the records at issue are not 'agency records.'" (citation omitted)); Def.'s Suppl. Br. at 8–18.) This assertion is misguided, and the Court squarely rejects the common but confused contention that Congress intended for a federal district court's subject-matter jurisdiction over a FOIA claim to turn on whether or not the agency has improperly withheld "agency records," for the reasons explained below. *Cf. Miller v. Herman*, 600 F.3d 726, 731 (7th Cir. 2010) (noting that "[t]he conflation of jurisdictional and non-jurisdictional limitations on causes of action is not an uncommon occurrence"). For good measure, this Court has proceeded further, to construe the IRS's Rule 12 motion to dismiss as a challenge to the sufficiency of the CoA Institute's pleading under Rule 12(b)(6). And in this regard, too, the Court is satisfied that CoA Institute has pled a plausible violation of the FOIA,

insofar as its complaint plainly alleges that "[t]he IRS is an agency" (Compl. ¶ 5) to which CoA Institute submitted two detailed requests for records *(id.* ¶¶ 7, 9), and in response to those requests, the IRS "denied CoA Institute access to agency records to which it has a right under the FOIA" *(id.* ¶ 30). Thus, the IRS's motion must be denied.

A.    **The IRS's Argument That The Requested Records Are "Congressional" Records, Rather Than "Agency" Records, Is A Challenge To The Merits Of CoA Institute's FOIA Claim, Not A Challenge To This Court's Subject-Matter Jurisdiction**

      1.    <u>Courts Have Viewed Similar FOIA Disputes—i.e., Those Pertaining To Whether The Defendant Entity Qualifies As An "Agency"—As Properly Resolved Under Rule 12(b)(6) Rather Than Rule 12(b)(1)</u>

It is the well-established statutory obligation of federal agencies to make non-exempt "agency records" promptly available to any person who submits a request that reasonably describes the records sought. *See* 5 U.S.C. § 552(a)(3); *see also*, *e.g.*, *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 781 (D.C. Cir. 2018); *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013). Notably, the first sentence of FOIA's judicial review provision further provides that, "[o]n complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records . . . improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). As mentioned above, here, the IRS has steadfastly interpreted the language of this judicial review provision to mean that a dispute regarding the characterization of the records at issue (i.e., whether or not what has been requested are "agency records") presents a threshold question of fact that relates to the Court's subject-matter jurisdiction. (*See* Def.'s Mem. at 13–17; Def.'s Suppl. Br. at 8–18.) But at least two Courts of Appeals (including the D.C. Circuit) have rejected the contention that a similar dispute—i.e., whether the defendant entity in

a FOIA case qualified as "agency"—implicates a court's subject-matter jurisdiction, in a manner that casts significant doubt on the IRS's argument.

First, in the case of *Citizens for Responsibility & Ethics in Washington v. Office of Administration*, 566 F.3d 219 (D.C. Cir. 2009) (hereinafter, "*CREW*"), the D.C. Circuit held that it was "err[or]" for a district court to dismiss a FOIA complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)" where the entity to which the records request was directed was not an "agency" covered by the FOIA. *Id.* at 225. The district court in *CREW* had determined that "Rule 12(b)(1) appears to be the proper authority" for evaluating the dispute concerning the defendant's status as an "agency," *Citizens for Responsibility & Ethics in Wash. v. Office of Admin.*, 559 F. Supp. 2d 9, 19 (D.D.C. 2008), *aff'd on other grounds*, 566 F.3d 219 (D.C. Cir. 2009), because it read Supreme Court case law to compel the conclusion that resolution of the "agency" issue related "to the [c]ourt's jurisdiction to hear a FOIA case[,]" *id.* But the D.C. Circuit disagreed, finding instead that a court's determination that the defendant was "not an agency covered by [the] FOIA" meant that plaintiff's FOIA claim failed on the merits as a matter of law under Rule 12(b)(6), *not* that the court was without subject-matter jurisdiction to consider plaintiff's FOIA claim by virtue of that determination. *See CREW*, 566 F.3d at 225 (concluding that the district court erred in "dismissing the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)[,]" but affirming the dismissal for failure to state a claim "[b]ecause we conclude that OA is not an agency covered by [the] FOIA"); *see also Int'l Counsel Bureau v. CIA*, No. 09-cv-2269, 2010 WL 1410561, at *1 n.3 (D.D.C. Apr. 2, 2010) ("Although the [defendant] moved to dismiss for lack of subject matter jurisdiction pursuant to [Rule]

12(b)(1), the D.C. Circuit has concluded that where an individual has submitted a FOIA request to an entity that is not an 'agency' covered by FOIA, the Court must dismiss the request for failure to state a claim under Rule 12(b)(6).").[4]

With respect to a substantially similar dispute regarding whether or not the National Security Council qualified as an "agency" for FOIA purposes, the Second Circuit likewise "conclude[d] that the district court properly granted dismissal for failure to state a claim" under Rule 12(b)(6), "rather than for lack of jurisdiction" under Rule 12(b)(1). *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 544 (2d Cir. 2016). In so holding, the Second Circuit emphasized that, while section 552(a)(4)(B) references the court's "jurisdiction[,]" that provision "relate[s] to the court's *remedial* power rather than to its subject-matter jurisdiction[.]" *Id.* at 544, 566 (emphasis added). And the panel also pinpointed the source of other courts' confusion: while "[s]ome statutes use 'jurisdiction' to reference subject-matter jurisdiction, that is, a court's 'statutory or constitutional power to adjudicate the case[,]'" it is clear beyond cavil that "[o]ther statutes . . . use 'jurisdiction' to 'specify the remedial powers of the court[,]'" which "does not implicate subject-matter jurisdiction." *Id.* at 566 (alteration omitted) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89–90 (1998));

---

[4] Fourteen years before deciding *CREW*, the D.C. Circuit similarly affirmed the dismissal under Rule 12(b)(6) of a complaint that had alleged FOIA violations by members of the Executive Residence. *See Sweetland v. Walters*, 60 F.3d 852, 855 (D.C. Cir. 1995). Notably, the panel *expressly refused* to uphold the dismissal under Rule 12(b)(1), because it disagreed with the district court's conclusion that the defendants' non-agency status rendered the federal courts without subject-matter jurisdiction over the FOIA dispute. *See id.* (citing *Haddon v. Walters*, 43 F.3d 1488, 1490 (D.C. Cir. 1995) (concluding that a district court's jurisdiction is satisfied where the plaintiff's "claim arises under the laws of the United States")); *see also Kleiman v. Dep't of Energy*, 956 F.2d 335, 339 (D.C. Cir. 1992) ("Plaintiff's statement of his own cause of action shows that it is based upon federal law, such that it is a civil action arising under the laws of the United States . . . for jurisdictional purposes." (alterations, internal quotation marks, and citations omitted)); *Wilson v. U.S. Dep't of Transp.*, 730 F. Supp. 2d 140, 148 n.5 (D.D.C. 2010) ("As this case was brought under the FOIA, it presents a question of federal law over which this Court has original jurisdiction." (citing 28 U.S.C. § 1331)), *aff'd*, No. 10-5295, 2010 WL 5479580 (D.C. Cir. Dec. 30, 2010).

*see also Sierra Club v. Tenn. Valley Auth.*, 905 F. Supp. 2d 356, 360 (D.D.C. 2012) (suggesting that "the term 'jurisdiction'" in section 552(a)(4)(B) refers to something other than "subject matter jurisdiction in the technical legal sense of th[at] term[]").

In this regard, the Second Circuit observed that, even though "the Supreme Court has previously referred to § 552(a)(4)(B) as jurisdictional[, i]n those cases . . . the Court appears to have used the term in the sense of remedial power rather than subject-matter jurisdiction." *Main St.*, 811 F.3d at 566–67 (citing *Tax Analysts*, 492 U.S. at 142 (discussing "jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements")). Thus, "the [Supreme] Court's earlier descriptions of § 552(a)(4)(B) as jurisdictional are not controlling" statements of law with respect to the scope of a district court's subject-matter jurisdiction, *id.* at 567; *see also Steel Co.*, 523 U.S. at 91 (holding that prior opinions referring to statutes as "jurisdictional" without indicating that they meant subject-matter jurisdiction "have no precedential effect"), and "[b]ased on [the] text" of section 552(a)(4)(B), the statute plainly "does not speak to the court's ability to adjudicate a claim, but only to the remedies that the court may award[,]" *Main St.*, 811 F.3d at 566 (citation omitted).

The holdings and reasoning of the *CREW* and *Main Street* cases singularly undermine the IRS's argument that the question of whether or not the records at issue here qualify as "agency records" implicates this Court's subject-matter jurisdiction. (*See* Def.'s Mem. at 13–17; Def.'s Suppl. Br. at 8–18.) But even without such clear pronouncements by the courts of appeals, other FOIA precedents also lead inexorably to the conclusion that the factual prerequisites of a successful claim under the FOIA—

including whether or not the withheld records are "agency records"—involves a merits-based inquiry rather than one that pertains to the Court's subject-matter jurisdiction.

As one of countless examples, in the context of deciding whether or not "records of . . . visitor[s] to the White House Complex" were "'agency records' subject to disclosure under [the] FOIA[,]" *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 211 (D.C. Cir. 2013), the D.C. Circuit not only evaluated the issue in the context of cross-motions for summary judgment, instead of a Rule 12(b)(1) motion to dismiss, but did not address subject-matter jurisdiction *at all*. *See generally id.* What is more, the panel grappled with the "agency records" issue as part of its evaluation of the *merits* of the plaintiff's FOIA claim, *cf. id.* at 233 (characterizing the case as a "difficult" one, and acknowledging the "serious and substantial arguments in support of [the district] court's holding"), and when it reversed the district court's judgment on the grounds that certain of the requested records were not "agency records" subject to disclosure under the FOIA, it did not simultaneously conclude that the district court was thereby divested of subject-matter jurisdiction to adjudicate the dispute, *see id.* at 234 (remanding the case to the district court for further proceedings); *see also Mace v. EEOC*, 37 F. Supp. 2d 1144, 1145–46 (E.D. Mo. 1999) ("[M]ost courts . . . hold that district courts have subject matter jurisdiction over FOIA claims, but are deprived of *further jurisdiction to act* upon concluding that an agency is entitled to summary judgment." (emphasis added)), *aff'd*, 197 F.3d 329 (8th Cir. 1999); *id.* at 1146 (remarking that, if the factual prerequisites of a FOIA claim actually implicated the court's subject-matter jurisdiction, "all FOIA cases resolved in favor of the government would ultimately be

dismissed for lack of subject matter jurisdiction, which clearly has not been the case in practice" (internal quotation marks and citation omitted)).

Thus, notwithstanding section 552(a)(4)(B)'s reference to "jurisdiction[,]" Courts have long considered FOIA disputes that pertain to the nature of the defendant entity (i.e., is it an "agency"?) or the nature of the records at issue (i.e., are they "agency records"?) to relate to the merits of a plaintiff's claim that the defendant has violated the FOIA, rather than a court's authority to adjudicate the case. This means that a Rule 12(b)(1) motion to dismiss brought solely on the grounds that the court lacks subject-matter jurisdiction because the records are not "agency records" necessarily fails.

      2.  <u>The IRS's Sovereign Immunity Argument Is Unpersuasive, As Is Its Effort To Distinguish Similar Cases That Reject Application Of Rule 12(b)(1)</u>

Notwithstanding these precedents, the IRS insists that "the question of whether a record is an 'agency record' is a 'threshold' matter" that pertains to a district court's subject-matter jurisdiction because it "implicates the scope of the United States' waiver of sovereign immunity[.]" (*See* Def.'s Suppl. Br. at 7; *see also id.* (reiterating that its motion to dismiss "is properly considered under Rule 12(b)(1)").) As this Court understands it, the IRS believes that because "section [552(a)(4)(B)] . . . defines the United States' waiver of sovereign immunity and limits its scope[,]" if the requested records are not, in fact, "agency records," then CoA Institute's FOIA claim falls beyond the scope of the United States' waiver of sovereign immunity, and, in turn, beyond the scope of this Court's subject-matter jurisdiction. (*Id.* at 8; *see also id.* at 8–12.)

Notably, however, the IRS fails to cite a single case in which a court has interpreted section 552(a)(4)(B) to demarcate the boundaries of the United States's

waiver of sovereign immunity in a circumstance in which there is a dispute about the character of the records at issue, or otherwise.  And not only does the agency omit any precedents, it points to no language in section 552(a)(4)(B) or anywhere else in the FOIA in support of this position.  (*See id.* at 8–12.)

Of course, this void is not surprising, as it is well established that the United States has waived its sovereign immunity with respect to valid FOIA claims.  *See Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1101 (9th Cir. 2016) (explaining that section 552(a)(4)(B) is a waiver of sovereign immunity that allows district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant" (quoting 5 U.S.C. § 552(a)(4)(B))).  Thus, as far as immunity is concerned, the only real question is whether the claim at issue is a *valid* one, which is just another way of assessing the claim's *merit*, not the court's power to address the claim.

Indeed, courts dismissing *in*valid FOIA claims for exceeding the statutory waiver of sovereign immunity have done so in circumstances that are not presented here and that, in any event, are not inconsistent with construing section 552(a)(4)(B) as a limitation on the court's remedial power: for example, where the statute of limitations has expired, *see, e.g.*, *Bigwood v. Def. Intelligence Agency*, 770 F. Supp. 2d 315, 318 (D.D.C. 2011) (describing the FOIA's "statute of limitations '[a]s a jurisdictional condition attached to the government's waiver of sovereign immunity'" (quoting *Spannaus v. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987))), or where the plaintiff seeks relief that is not provided by the statute, *see, e.g.*, *Hajro*, 811 F.3d at 1101 (dismissing contract claim brought under the FOIA's waiver provision because the

claim was not "unequivocally expressed in the statute[,]" and the plaintiff "[wa]s not seeking to enforce the statutory mandate to provide timely FOIA disclosures itself"); *Scherer v. United States*, 241 F. Supp. 2d 1270, 1278 n.15 (D. Kan. 2003) ("[T]he United States has not consented to suit for punitive damages under [the] FOIA and the court [therefore] lacks jurisdiction over [plaintiff's] request for such relief[.]"), *aff'd sub nom.*, *Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687 (10th Cir. 2003). By contrast, the dispute here is a factual one about whether or not the records sought are "agency records" such that CoA Institute has presented a valid claim upon which relief can be granted pursuant to section 552(a)(4)(B). Consequently, the IRS's efforts to characterize today's dispute as implicating sovereign immunity, and thereby to suggest that the factual predicates therein necessarily relate to a court's subject-matter jurisdiction, are unsupported and therefore unpersuasive.

Nor has the IRS credibly distinguished the D.C. Circuit's holding and analysis in *CREW*. *See* 566 F.3d 219. According to the IRS, "[t]he holding of *CREW* is limited to its unique facts and unusual procedural history and thus does not conflict" with the agency's argument that the "agency records" issue implicates this Court's subject-matter jurisdiction. (Def.'s Suppl. Br. at 12.) In particular, the IRS emphasizes that the "narrow" issue in *CREW* was "whether a subcomponent of the Executive Office of the President was not an 'agency' under the FOIA despite the fact that the Executive Office of the President is an agency under the FOIA" (*id.*), and, to be sure, that *exact* issue is not presented in the instant case. But the IRS has yet to explain how the "agency" question in CREW is materially different than the question that the IRS raises in the instant motion to dismiss—i.e., whether the records that CoA Institute has requested

from the IRS are "agency records" under the FOIA, despite the fact that other records retained by the IRS qualify as "agency records" for FOIA purposes. Indeed, from the standpoint of evaluating section 552(a)(4)(B) as setting forth either jurisdictional or non-jurisdictional prerequisites to maintaining a FOIA action, both circumstances are identical. *See Bureau of Nat'l Affairs, Inc. v. U.S. Dep't of Justice*, 742 F.2d 1484, 1488 (D.C. Cir. 1984) (hereinafter "*BNA*") (quoting the first sentence of 5 U.S.C. § 552(a)(4)(B), then stating that "[f]ederal jurisdiction under this provision is therefore premised upon three requirements: a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)). And the IRS's casual contention that the "agency" dispute (which the D.C. Circuit unequivocally held to be *non*-jurisdictional in *CREW*) differs from the "agency records" dispute because only the latter "raise[s] sovereign immunity concerns" (Def.'s Suppl. Br. at 13) is both seemingly irrelevant and entirely unsubstantiated, as the Court explained when it rejected the IRS's sovereign immunity analysis above.

Finally, the IRS's repeated suggestion that this Court should ignore *CREW* because the D.C. Circuit's *BNA* opinion carries the day with respect to the jurisdictional versus non-jurisdictional nature of the instant "agency records" dispute (*see* Def.'s Suppl. Br. at 14–18) appears to be rooted in the same fundamental misunderstanding that sometimes arises when one *assumes* that when the term "jurisdiction" appears in a statute Congress is *only* referring to the subject-matter jurisdiction of the federal courts. The IRS is correct to observe that, in *BNA*, the D.C. Circuit plainly stated that "[f]ederal jurisdiction under [section 552(a)(4)(B)] is . . . premised upon three

requirements: a showing that an agency has (1) improperly; (2) withheld; (3) agency records."  (Def.'s Suppl. Br. at 14 (quoting *BNA*, 742 F.2d at 1488 (internal quotation marks and citation omitted)).)  But no less an authority than the Supreme Court of the United States has warned that "[j]urisdiction . . . is a word of many, too many, meanings[.]"  *Steel Co.*, 523 U.S. at 90 (internal quotation marks and citation omitted).  As explained above, section 552(a)(4)(B) plainly proscribes the *remedial* jurisdiction of the federal courts, and *BNA* does not state otherwise.  *See* 742 F.2d at 1488 (explaining that "[t]he requirement that materials sought by a private party be 'agency records' is jurisdictional—[i.e.,] only when an agency withholds an agency record does the district court *have authority to compel disclosure*" (emphasis added)).  Thus, *BNA*'s reference to 'jurisdiction' is entirely consistent with the D.C. Circuit's subsequent holding in *CREW*, which means that the IRS's suggestion that *CREW* and *BNA* must either be distinguished (*see* Def.'s Suppl. Br. at 12–14) or reconciled (by concluding that *BNA*'s "agency records" analysis controls and pertains to the Court's subject-matter jurisdiction) (*see id.* at 14–18) need not be countenanced.

**B.**  **The IRS's Interpretation Of Section 552(a)(4)(B) Is Inconsistent With Both The Manner In Which Courts Ordinarily Determine Whether They Possess Subject-Matter Jurisdiction And With The Established Burdens Of Proof In The FOIA Context**

The IRS's argument that section 552(a)(4)(B) establishes the parameters of this Court's subject-matter jurisdiction not only finds little support in the relevant case law, it is also manifestly inconsistent with certain bedrock principles of federal jurisprudence.

1. <u>Courts Typically Accept The Merits Of The Plaintiff's Claims In Order To Assess Their Own Jurisdiction</u>

First of all, it is common practice for federal courts to evaluate their subject-matter jurisdiction (or lack thereof) as a threshold matter, separate and apart from the merits of the plaintiff's claims. *See Steel Co.*, 523 U.S. at 94–95 (holding that federal courts must ensure that they have subject-matter jurisdiction before considering the merits of a case); *Kaplan v. Cent. Bank of Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018) ("[A] court must assure itself of the existence of subject-matter jurisdiction before reaching the merits[.]"); *Diggs v. Dep't of Hous. & Urban Dev.*, 670 F.3d 1353, 1355 (Fed. Cir. 2011) ("Before we can reach the merits of a case, we must assess whether we may exercise subject matter jurisdiction[.]"); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) ("[A] federal court necessarily acts *ultra vires* when it considers the merits of a case over which it lacks subject-matter jurisdiction."). The IRS apparently would have this Court decide whether CoA Institute has a valid FOIA claim insofar as it submitted requests for "agency records" *in order to* determine whether the Court has subject-matter jurisdiction over CoA Institute's claim, which clearly conflates the issues and puts the cart before the horse since, "[i]n determining jurisdiction, [courts] generally will *assume* the merits as the plaintiff or petitioner pleads them[.]" *Ctr. for Regulatory Reasonableness v. Envtl. Prot. Agency*, 849 F.3d 453, 454 n.1 (D.C. Cir. 2017) (emphasis added), *cert. denied*, 138 S. Ct. 1041 (2018); *cf. Parker v. Dist. of Columbia*, 478 F.3d 370, 377 (D.C. Cir. 2007), *aff'd sub nom.*, *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008) ("[W]hen considering whether a plaintiff has Article III standing, a

federal court must assume *arguendo* the merits of his or her legal claim." (citation omitted)).

There is no question that the matter of whether the plaintiff has a cause of action under the law and is entitled to recovery assuming that the facts are as he alleges them to be (i.e., the merits issue), is unrelated to the question of "the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co.*, 523 U.S. at 89 (emphasis in original). And "established jurisprudence [mandates] that the failure of a cause of action does not automatically produce a failure of jurisdiction[.]" *Id.* at 91; *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) (explaining that "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover[, f]or it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction").

Consequently, quite apart from the determination that the plaintiff cannot recover as a matter of law or fact, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co.*, 523 U.S. at 89 (internal quotation marks and citation omitted). This also necessarily means that dismissal for lack of jurisdiction does not arise based merely on a plaintiff's alleged failure to present a complaint the contains plausible allegations concerning a claim's merits prerequisites—here, that "an agency" has "improperly" "withheld" "agency records."

Instead, *that* failure warrants dismissal on the grounds that the plaintiff has failed to state a cognizable claim. *See* Fed. R. Civ. P. 12(b)(6).

Undaunted, the IRS points to district court opinions that appear to have reached the opposite conclusion; some of which expressly cast the issue of "[w]hether a document is an 'agency record' [a]s a jurisdictional question that must be answered before proceeding to decide a case under the FOIA on the merits." *Elec. Privacy Info. Ctr. v. Nat'l Sec. Agency*, 988 F. Supp. 2d 1, 7 n.5 (D.D.C. 2013) (citations omitted), *vacated in part on other grounds*, No. 13-5369, 2014 WL 12596363 (D.C. Cir. July 31, 2014); *see, e.g.*, *Earle v. Dep't of Justice*, 217 F. Supp. 3d 117, 122–23 (D.D.C. 2016) (same, but acknowledging "Circuit authority that suggests that the inquiry into sufficiency of the allegation that the agency has improperly withheld records is a merits-based inquiry"); *see also Legg v. Wash. Metro. Area Transit Auth.*, No. 16-cv-1023, 2017 WL 2533344, at *1–2 (D.D.C. June 9, 2017) (granting motion to dismiss for lack of subject-matter jurisdiction on grounds that the defendant was not an agency subject to the FOIA). For the reasons already explained, holdings such as these impermissibly blur "the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy," by "erroneously conflat[ing]" the "[s]ubject matter jurisdiction [inquiry] . . . with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (internal quotation marks and citation omitted).

The IRS's similar reliance on a D.C. Circuit decision that affirmed a district court's dismissal of a FOIA claim for lack of subject-matter jurisdiction where the

district court had found that congressional records were not "agency records" (*see* Def.'s Suppl. Br. at 15 (discussing *ACLU v. CIA*, 823 F.3d 655 (D.C. Cir. 2016), *cert. denied*, 137 S. Ct. 1837 (2017))) is similarly misplaced. It is clear from an examination of that circuit opinion, and also the underlying district court decision, that whether or not the dismissal at issue *should* have rested on a lack of jurisdiction, as opposed to the plaintiff's failure to state a claim, was not specifically considered. *See ACLU v. CIA*, 105 F. Supp. 3d 35 (D.D.C. 2015), *aff'd*, 823 F.3d 655.[5] And the Supreme Court has long lamented "[j]udicial opinions [that] . . . obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." *Arbaugh*, 546 U.S. at 511 (internal quotation marks and citation omitted). The Justices have further described "such unrefined dispositions as 'drive-by jurisdictional rulings' that should be accorded 'no precedential effect' on the question whether the federal court had authority to adjudicate the claim in suit." *Id.* (quoting *Steel Co.*, 523 U.S. at 91). Moreover, and in any event, if the D.C. Circuit panel in *ACLU* intended its affirmance to indicate that the Circuit has abandoned its long-standing prohibition against dismissing a FOIA claim for lack of subject-matter jurisdiction based on the absence of a factual prerequisite under section 552(a)(4)(B), that panel was "without authority to overturn a decision by a prior panel of th[at] Court." *La. Pub. Serv. Comm'n v. FERC*, 522 F.3d 378, 390 (D.C. Cir. 2008) (per curiam) (citation omitted); *see also New York-New York, LLC v. NLRB*, 676

---

[5] In fact, it appears that the appellants actually "fail[ed] to raise" the propriety of dismissal under Rule 12(b)(1) on appeal. (Pl.'s Suppl. Br. at 21 (citing appellants' brief).)

F.3d 193, 196 (D.C. Cir. 2012) ("[The appellant] may of course seek en banc review to have our precedent overruled[, b]ut as a three-judge panel, we are bound by that prior [panel] decision.").

## 2. In FOIA Cases, The Agency Bears The Burden Of Demonstrating That The Statutory Prerequisites Are *Not* Met

The IRS's jurisdictional argument also fails because it impermissibly and inexplicably shifts the well-established burdens that each party must carry with respect to an improper-withholding claim brought under the FOIA. In FOIA cases as in other civil actions, "the burden of establishing [federal jurisdiction] rests upon the party asserting jurisdiction," *Kokkonen*, 511 U.S. at 377 (citation omitted)—in this case, the plaintiff, CoA Institute. But it is equally well settled that, at the merits stage of a FOIA case, "[t]he burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly' 'withheld.'" *Tax Analysts*, 492 U.S. at 142 n.3 (citation omitted); *see also, e.g.*, *Consumer Fed'n of Am. v. U.S. Dep't of Agric.*, 455 F.3d 283, 287 (D.C. Cir. 2006) ("[T]he agency has [the] burden of demonstrating that the documents requested are not 'agency records.'" (internal quotation marks and citations omitted)); *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 527 F. Supp. 2d 76, 88 (D.D.C. 2007) (same). Thus, if the IRS's contention that this Court's subject-matter jurisdiction depends on whether or not the requested records are "agency records" is correct, the burden of demonstrating that the requested records are, in fact, "agency records" within the meaning of the FOIA would necessarily shift from the IRS to CoA Institute, given that, "[u]nder Rule 12(b)(1), the plaintiff bears the burden of establishing the existence of jurisdiction[.]" *Dist. No. 1, Pac. Coast Dist., Marine*

*Eng'rs' Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp.*, 70 F. Supp. 3d 327, 340 (D.D.C. 2014).

Therein lies the rub. A government agency's burden of demonstrating that the requested documents are *not* "agency records" cannot be logically reconciled with treating that question as a jurisdictional prerequisite, which would require the plaintiff to prove that the requested documents *are* "agency records." And there's more: to accept the IRS's framing would mean that the plaintiff would have to prove that "agency records" were "improperly" withheld as yet another threshold jurisdictional issue, when under the FOIA, it is unquestionably the *agency's* burden to establish that its withholdings are "proper" because they comport with one of section 552(b)'s nine enumerated exemptions. *See CIA v. Sims*, 471 U.S. 159, 182 (1985); *see also Tax Analysts*, 492 U.S. at 142 n.3 ("The burden is on the agency to demonstrate . . . that the materials sought . . . have not been improperly withheld." (internal quotation marks and citation omitted)). These contraventions of established law are averted entirely if one rejects the IRS's contorted view of section 552(a)(4)(B)'s reference to jurisdiction, and interprets that language to pertain only to a court's remedial power to act on a meritorious claim under the FOIA, rather than to a court's subject-matter jurisdiction, as this Court has explained above. (*See* Sec. III.A, *supra*.)[6]

---

[6] The legislative history of the FOIA provides further support, as it explains that "[p]lacing the burden of proof upon the agency puts the task of justifying the withholding on the only party able to explain it[,]" and "[t]he private party can hardly be asked to prove that an agency has improperly withheld public information because he will not know the reasons for the agency action." S. Rep. No. 89-813, at 43 (1965). It is both inefficient and ineffective to shift the burden *away* from the party that possesses the records themselves, as well as most, if not all, of the information speaking to their nature as "agency records"; and, indeed, a common reason for making a FOIA request in the first place is that the requesting party lacks information about the records at issue.

### C. The Allegations Of CoA Institute's Complaint, Which Must Be Accepted As True, Are Sufficient To Survive A Rule 12(b)(6) Motion To Dismiss

The Court turns, finally, to the "evidence" that the IRS has presented along with its Rule 12(b)(1) motion to dismiss, which according to the agency, "establishes that the JCT intends that its communications with the IRS and the IRS's responses are congressional records and not agency records." (Def.'s Reply at 5.) It may well turn out that the agency's proof establishes that there are no "agency records" at issue in this case, and thus, that CoA Institute's FOIA claims are meritless. But as the IRS appears to concede, *that* is "a *factual* challenge[.]" (*Id.* (emphasis in original).) And, at this stage of the litigation, this Court must accept CoA Institute's allegations of fact, as pleaded in its complaint, as if they are true. *See Harris v. Dist. of Columbia Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015).

Notably, the IRS's recognition that the "agency records" dispute presents a question of fact appears to be precisely why the agency has opted to double down on its attempt to cast the issue as a jurisdictional one (thereby enabling the Court to look at materials beyond the four corners of Plaintiff's pleading), and is also apparently why the IRS has eschewed the opportunity to assert that CoA Institute has failed to state a claim. (*See* Def.'s Suppl. Br. at 8–12.) In other words, there is no dispute that, *if* the IRS's motion to dismiss is not properly construed as raising a jurisdictional question under Rule 12(b)(1), what remains at this early stage is the Court's authority merely to test the sufficiency of the allegations in CoA Institute's complaint under Rule 12(b)(6). *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 625 n.3 (D.C. Cir. 1997) (explaining that, under Rule 12(b)(6), the Court "[is] limited to considering the pleadings and the attachments thereto"). And in this regard, there can be no serious

debate that CoA Institute's complaint is sufficient to survive a Rule 12(b)(6) motion to dismiss.

As explained previously, "[a] FOIA plaintiff states a claim where it properly alleges that 'an agency has (1) improperly (2) withheld (3) agency records[,]'" *Cause of Action*, 926 F. Supp. 2d at 185 (quoting *Tax Analysts*, 492 U.S. at 142 (internal quotation marks omitted)). "To prevail on a motion to dismiss for failure to state a claim under Rule 12(b)(6)," the IRS would have to "show beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *St. Francis Xavier*, 117 F.3d at 624 (internal quotation marks and citation omitted). And CoA Institute has clearly satisfied the "quite straightforward" and "relatively easy" requirement of "plead[ing] the . . . elements of a FOIA claim[,]" *Campaign for Accountability*, 278 F. Supp. 3d at 313, because it has alleged that the "[t]he IRS is an agency" that "has denied CoA Institute access to agency records to which it has a right under the FOIA" (Compl. ¶¶ 5, 30).

To be sure, "the fact that [the requested] relief is *available* . . . does not answer the question of whether [CoA Institute] is correct on the merits when it argues that such relief is *warranted*." *Campaign for Accountability*, 278 F. Supp. 3d at 317 (emphasis in original) (citation omitted). *That* question is appropriately presented in the context of this Court's future consideration of the parties' anticipated cross-motions for summary judgment. *See id.* at 313 ("FOIA cases typically and appropriately are decided on motion for summary judgment." (internal quotation marks and citation omitted)); *Judicial Watch*, 25 F. Supp. 3d at 136 (same). After answering the complaint's allegations, the parties will be ordered to propose a schedule for briefing motions for

summary judgment under Rule 56, and in that context, the agency will be free to argue that the state of the evidence is such that there is no genuine issue of material fact concerning the nature of the requested records—i.e., they are indisputably "congressional records" rather than "agency records"—and that, therefore, the agency is entitled to judgment as a matter of law.  Likewise, CoA Institute can put forward arguments and evidence to counter the IRS's legal arguments and demonstrate that there is no genuine dispute that the agency has transgressed its obligations under the FOIA.  For now, it suffices to conclude that, accepting its allegations as true, CoA Institute has made a plausible claim for relief under the FOIA.

## IV.    CONCLUSION

As explained above, the IRS maintains that it has not "denied CoA Institute access to agency records to which it has a right under the FOIA" (Compl. ¶ 30), and it argues that, on this basis alone, this Court lacks subject-matter jurisdiction such that CoA Institute's FOIA complaint must be dismissed.  But the character of the records at issue does not dictate this Court's subject-matter jurisdiction over the instant FOIA claim, and the IRS will have ample opportunity to dispute CoA Institute's claim when the agency addresses the merits of CoA Institute's complaint in a future motion for summary judgment.  In the meantime, and for the purpose of the IRS's motion to dismiss, CoA Institute's allegations must be accepted as true, and they are manifestly sufficient to state a claim for violation of the FOIA.  Therefore, as set forth in the accompanying Order, the IRS's motion to dismiss will be **DENIED**.

DATE:  July 17, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge