IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAUSE OF ACTION INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:16-cv-2354 |

**THIRD DECLARATION OF SCOTT S. LANDES**

I, SCOTT S. LANDES, pursuant to the provisions of 28 U.S.C. § 1746(2) declare and say:

1. As described in detail in the Second Declaration of Scott Landes (my Second Declaration), the IRS receives requests for information from the JCT in several ways: through letters from the JCT's Chief of Staff to the Commissioner of the IRS; through emails and telephone calls from the JCT's professional staff to my office; and, in rare occasions, directly to subject matter experts at the IRS. When the JCT's Chief of Staff sends a letter to the Commissioner of the IRS requesting that it provide information, it is directed to my office. Similarly, if any IRS employee receives an email request for information, it is the IRS's practice that such communication also be forwarded to me and my staff and processed in a manner consistent with the procedures described in my Second Declaration.

2. As described in the Second Declaration it is the IRS's practice and policy that all of JCT's written requests for information to the IRS regarding matters of official JCT business, including those submitted by email, are segregated, tracked, and preserved by myoffice in the E-

TRAK Communications and Correspondence System. When a written request from JCT is received by my office, it is assigned a number in the E-TRAK system. Each subsequent communication related to that same request that is logged in the E-TRAK system will be assigned the same tracking number.

3. In my Second Declaration, when I used the term "topic" (i.e. in paragraph 18 of my Second Declaration) I was referring to: (1) for records in E-TRAK, collections of emails about a request assigned a specific tracking number in the E-TRAK system; and (2) for records in my email and electronic folders, collections of emails and attachments about a specific JCT request or inquiry.

4. Additionally, in paragraph 19(c) of my Second Declaration, I described 12 emails, which are contained within email chains, from JCT to the IRS in response to privileged inquiries from the IRS that pertain to either (1) the pre-lawsuit processing of Cause of Action's FOIA requests that are the subject of this lawsuit or to (2) the Service's proposed revisions to the Chief Counsel Directives Manual and Internal Revenue Manual." Of these emails, only one – between JCT counsel and IRS Counsel – pertains to the prelawsuit processing of Cause of Action's FOIA request. It does not contain a legend. For the remaining eleven emails pertaining to the Service's proposed revisions of the Chief Counsel Directives Manual and Internal Revenue Manual, there is at least one email in the related chain in which the email appears that has a restrictive legend.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of January, 2022 in Washington, DC.

Scott S. Landes

Digitally signed by Scott S. Landes
Date: 2022.01.07 15:30:45 -05'00'

SCOTT S. LANDES
Supervisory Program and Management Analyst
IRS Office of Legislative Affairs