IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE,<br>Plaintiff,<br>v.<br>INTERNAL REVENUE SERVICE,<br>Defendant. | Case No. 1:16-cv-2354 |

**DECLARATION OF KEVIN CUMMISKEY**

I, KEVIN EARL CUMMISKEY, pursuant to the provisions of 28 U.S.C. § 1746(2) declare as follows:

1. I am an attorney in Branch 6 within the Office of Associate Chief Counsel for Procedure & Administration (P&A), a national office practice group within the Internal Revenue Service's Office of Chief Counsel in Washington, D.C. I have been employed by the Internal Revenue Service (the Service) since September 4, 2018. As part of my official duties, I am responsible for assisting the Department of Justice (DOJ) with the Service's views on defending against claims made pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). These duties require that I have knowledge of the procedures and requirements for making FOIA requests.

2. The IRS identified a number of emails and attachments resulting from searches it conducted in this case that were responsive to Category No. 2 of Cause of Action's June 22, 2016 FOIA Request seeking: "All communications between IRS Privacy, Governmental Liaison, and Disclosure ("PGLD") personnel, as well as other affected IRS functions or components, and the

JCT concerning any determination to disclose or withhold IRS records that were the subject of a JCT oversight inquiry." The IRS and Cause of Action agreed upon the scope of the searches that located the e-mails. These records pertain to two IRS litigation matters, one regulatory/guidance matter, and the pre-lawsuit processing of Cause of Action's FOIA request that is the subject of this lawsuit.

3. The parties have agreed to exclude the emails and attachments related to the two litigation matters from the universe of responsive records in this lawsuit. Accordingly, there are 70 emails and attachments at issue.

4. Of the 70 e-mails, 8 are emails and associated attachments from the IRS's attorneys to the JCT responsive to Category No. 2 of Cause of Action's first FOIA request dated June 23, 2016.

5. The IRS asserts that the following email communications and attachments sent by employees of the IRS to the Joint Committee on Taxation, to the extent that they are agency records of the IRS, are protected from disclosure by the attorney work product privilege and/or the deliberative process privilege, and are therefore exempt under the FOIA under 5 U.S.C. § 552(b)(5) ("Exemption 5").

6. There are 50 emails between IRS attorneys and employees that are responsive to Category No. 1 of Cause of Action first FOIA request dated June 22, 2016 seeking "All records transmitted between the IRS and the JCT, and all communications concerning such transmissions, which do not contain a legend restricting their use or dissemination."

7. The IRS also asserts that its purely internal communications about the subject matter of the above emails are exempt under the FOIA under 5 U.S.C. § 552(b)(5) ("Exemption

5") because they are protected from the disclosure by the attorney work product privilege, and the deliberative process privilege.

8. A log of the 58 exempt emails is attached to this declaration as Exhibit A.

9. There are also 12 emails from JCT to the IRS in these communications responsive to Category No. 2. However, as set forth in the Declaration of Scott Landes, filed concurrently, these emails are congressional records not subject to the FOIA.

10. Because the withheld email chains contain communications from JCT to the IRS that are congressional records, the Service has redacted more identifying information about the cases and the substance of the IRS and JCT's communications to avoid disclosing the content of those congressional records.

11. Finally, the IRS is not releasing reports to JCT required under 26 U.S.C. § 6103(p)(3)(B) and (C), which are responsive to Category No. 4 of Cause of Action's June 22, 2016 FOIA Request for: "All records generated or maintained by the IRS in the normal course of its operations that were subsequently provided to the JCT as part of the IRS general oversight responsibilities, but which were not provided in response to a JCT inquiry." By statute, only JCT has the authority to make these reports public.

## RECORDS EXEMPT UNDER 5 U.S.C. § 552(b)

12. The IRS has identified 58 emails and attachments that are exempt from disclosure under 5 U.S.C. § 552(b)(5) ("Exemption 5") because they are privileged under the attorney-client privilege, the work product doctrine, and/or the deliberative process privilege.

13. For the purposes of the IRS's motion for summary judgment, the Service has collected the most complete version(s) of each email chain as one record. However, the Service

addresses each email on those email chains separately below and in the attached exhibits for the purpose of asserting exemptions from disclosure.

## RECORDS EXEMPT FROM DISCLOSURE UNDER EXEMPTION 5: ATTORNEY WORK PRODUCT DOCTRINE

14. There are 16 emails and attachments exempt under the work-product privilege. These emails are between IRS counsel, and employees of the IRS's Legislative Affairs Office regarding the processing of Cause of Action's FOIA request that is the subject of this litigation. They contain the thoughts, mental impressions, legal opinions, and strategy of IRS attorneys with respect to the processing of, and response to, Cause of Action's FOIA request. The emails were sent in reasonable anticipation of this litigation, which was filed less than four months later. The emails are listed below:

a. Document No. 37 is an email dated 6/30/16 from IRS Counsel Charles Pillitteri to Scott Landes requesting that General Counsel for the U.S. House of Representatives [redacted]

b. Document No. 47 Is an email from IRS Counsel Deborah Lambert-Dean to IRS Counsel Richard Goldman, IRS Counsel Donald Squires, and Scott Landes attaching draft response letter.

c. Document Nos. 50-57 are emails from IRS Chief Counsel Attorney Deborah Lambert-Dean to IRS Legislative Affairs employees from 8/4/16 to 8/5/16 reflecting her thoughts, mental impressions, as to [redacted]

d. Document Nos 64, 65, 67, 68, 69, and 70 are emails after the second response letter was sent to Cause of Action between IRS Counsel Deborah Lambert-Dean to IRS Counsel Donald Squires and Richard Goldman, and Charles Pilliterri copying Scott Landes (IRS Legislative Affairs), and an email to Irma Hinton (IRS Legislative Affairs) containing the attorneys' thoughts, mental impressions, and opinions about [redacted] IRS's response letter to Cause of Action's FOIA request, the progress on [redacted], copies of draft and final correspondence to [redacted] and responsibilities of [redacted] with respect to the request.

15. Disclosure of the above emails would harm the IRS's privileges by eviscerating them. Since these emails contain the work product of IRS attorneys previously assigned to Cause of Action's request that is the subject of this action, disclosure of those emails would waive work product protection for IRS attorneys' work in the weeks and months leading up to this case. There is no basis for waiving work product in any FOIA case, even for cause. The only matter it would reveal is the IRS's internal analysis about this case. That, in turn, would impede IRS Counsel's ability going forward to engage in "full and frank" communications with its agency client in anticipation of litigation, by making what should be wholly confidential communications available for public consumption.

## Records Exempt from Disclosure Under Exemption 5: Deliberative Process Privilege

16. The email chains and emails listed below are exempt from disclosure because they are predecisional (i) intra-agency email communications reflecting the deliberations of employees of the Service; (ii) communications between the IRS and JCT that were part of the IRS's deliberative process and therefore part of the intra-agency deliberative process.

***Records Regarding the Processing of Cause of Action's FOIA Request***

17. The following 27 emails are exempt under the deliberative process privilege. They relate to the processing of Cause of Action's FOIA request that is the subject of this action:

a. Document No. 37 is an email dated 6/30/16 from IRS Counsel Charles Pillitteri to Scott Landes requesting that General Counsel for the U.S. House of Representatives [redacted] as part of the Internal Revenue Service's decisions about how to process Cause of Action's FOIA request. The sending of the letter [redacted], and it predates both the initial response letter and subsequent response letter reversing the position of the first response letter.

b. Document 38 is a 7/25/2016 email from Aaron Edelman (IRS Disclosure) to IRS Ross Kiser (Office of Legislative Affair)s regarding Cause of Action's FOIA request and attaching [redacted]. The email is predecisional because the [redacted], it is deliberative because it reflects the opinion and thoughts of the IRS Disclosure Office [redacted]

c. Document Nos. 39, 40, 43, 44, and 45 are 7/26/2016 emails from Scott Landes to IRS Counsel Richard Goldman forwarding Cause of Action FOIA request and due date for response proposed by IRS Disclosure Office, and emails on 7/27/2016 and

7/28/2016 about the original email between employees of the IRS Office of Legislative Affairs.

d. Document No. 41 is an email from Scott Landes to JCT Counsel Norman Brand [redacted] with JCT for the purpose of [redacted]

e. Document Nos. 46 is 8/4/2106 email between Legislative Affairs employees discussing FOIA search processes for Legislative Affairs records and their applicability to Cause of Action's request,

f. Document No. 47 Is an email from IRS Counsel Deborah Lamber-Dean to IRS Counsel Richard Goldman, IRS Counsel Donald Squires, and Scott Landes attaching draft response letter.

g. Document No. 48 is an email from PGLD to Legislative Affairs confirming that [redacted], and Document Number 49 is an email from the recipient to the other Legislative Affairs employees informing them of the above.

h. Document Nos. 50, 51, 52, 53, 54, 55, 56, and 57 are emails from IRS Chief Counsel Attorney Deborah Lambert-Dean to IRS Legislative Affairs employees on 8/5/16 reflecting her thoughts, mental impressions, about the [redacted]

i. Document Number 58 is an email from IRS Counsel Richard Goldman to IRS Counsel Deborah Lambert-Dean asking for an update [redacted] and a copy of the draft letter.

j. Document Nos, 59, 60, 61, 62, and 63 are emails between Legislative Affairs' staff regarding the [redacted].

k. Document No. 66 is an email from Irma Hinton (IRS Legislative Affairs) to Scott Landes creating an ETRAK case number for [redacted]

18. The IRS would be harmed by the disclosure of these internal deliberations. Disclosure of the IRS's internal processing of Cause of Action's FOIA request in this case would essentially grant Cause of Action improper and irrelevant discovery in this case. Discovery is only permitted in a FOIA case when the plaintiff can show bad faith on the part of the agency. If the IRS's internal deliberations at the administrative stage of a FOIA request's processing became discoverable, IRS disclosure personnel would be impeded from discussing the processing of more complicated requests, with other IRS components and counsel. Indeed, such deliberations happened here: [redacted]

***Records Regarding the Revision of the IRS Chief Counsel Directives Manual and Internal Revenue Manual***

19. In 2015, IRS Attorneys conferred internally and with JCT and JCT's counsel regarding the revision of its Chief Counsel Directives Manual ("CCDM") and the Internal Revenue Manual ("IRM") regarding the treatment of JCT-related records.

20. The exempt records consist of emails [redacted]

21. Emails between IRS counsel and JCT and House counsel about the IRS's proposed revisions to its Chief Counsel Directives Manual and Internal Revenue Manual are listed below and in Exhibit A.

22. The communications below are deliberative because they contain the opinions, ideas, and suggestions of IRS Counsel during the process of revising a policy provision for the Chief Counsel Directives Manual regarding the classification of IRS-JCT communications as congressional records. The deliberative process of these emails began when the IRS received a FOIA request for JCT records. During the processing of that request, IRS Chief Counsel began to consider revising both the Internal Revenue Manual and the Chief Counsel Directives Manual to make clear how JCT records should be treated in the processing of a FOIA request. It culminated when the final provision was published on December 18, 2015. In the intervening months, IRS Counsel discussed the provision internally [redacted] The IRS's internal deliberative emails about the revision about the CCDM are:

a. Document Number 1 is an email from IRS Attorney Charles Christopher regarding [redacted]

b. Document Nos. 8-19 are emails between IRS Counsel Drita Tonuzi, IRS Counsel Richard Goldman, and Scott Landes discussing revision of CCDM [redacted]

c. Documents No 29-30, 32, 33, 34, are emails by and between Scott Landes, IRS Counsel Mary Keys, and IRS Counsel Richard Goldman requesting [redacted]

[redacted] email chain discusses proposed revision to IRM and CCDM provisions regarding requests for congressional records, and [redacted]

23. Emails and records between IRS attorneys and House Counsel, JCT, and JCT's attorneys regarding the IRS's revision of the CCDM and IRM are listed below. Because the policy provisions of the CCDM and IRM are designed to make clear both the IRS and JCT's position about control over such records, the involvement of JCT was part and parcel of the IRS's internal deliberative policy-making process, and was not part of a JCT-directed process.

a. Document Nos. 2, 4, 25, 26, 28, 31, 36, and are emails from IRS Counsel Drita Tonuzi and Richard Goldman to JCT attorneys Norman Brand and Deirdre James, and emails sent by Scott Landes to JCT Attorneys on behalf of IRS attorneys [redacted]

24. Disclosure of the IRS's internal deliberations and its communications with JCT about the revision of the CCDM and IRM would cause foreseeable harm. Specifically, disclosure of these communications would defeat the very purpose of the CCDM and IRM provisions themselves: ensuring that Congress retains control over the disclosure of its own records and the

IRS employees treat those records consistent with Congress's control. It would be completely inconsistent with that agreed-upon treatment if discussions about the policy itself were disclosed absent Congress's consent.

25. Indeed, JCT likely could not even participate in such a deliberation if its communications could be disclosed in response to a FOIA request without its consent. JCT would be left to count on the IRS to implement the policy without JCT's input, which would in turn require the JCT to periodically monitor FOIA requests for its records and intervene if it feels the IRS is not protecting JCT's records as it should.

26. Also, the IRS has an interest in maintaining the confidentiality of its assessment of JCT's input as part of its own deliberative process. Were the IRS's internal communications about JCT's input also available to the public, it would impede the IRS's ability to openly and honestly discuss its conversations with JCT.

### Records Exempt from Disclosure Under Exemption 5: The Attorney-Client Privilege

27. The IRS located two emails in its searches that are exempt from disclosure under Exemption 5 because they are communications from IRS Legislative Affairs to IRS Chief Counsel about Cause of Action's FOIA request for the purpose of seeking legal advice about the request. Document Nos. 39 and 43 are July 26, 2016 and July 27, 2016 are email strings from Scott Landes to IRS Counsel Richard Goldman sending Cause of Action's FOIA requests. The email seeks legal advice about [redacted]

28. The disclosure of this privileged communication contained in the July 26, 2016 and July 27, 2016 emails seeking IRS Counsel's legal advice about the processing of Cause of Action's

request would cause foreseeable harm. Specifically, these communications were to seek legal advice specifically about the requests and issues being litigated in this case, and disclosure would waive privilege over the legal advice in this case. This in turn would impair the IRS's ability to communicate confidentially with its internal counsel.

**REPORTS UNDER 26 U.S.C. § 6103(P)(3) ARE RECORDS THAT ONLY JCT HAS THE AUTHORITY TO MAKE PUBLIC**

29. The Service is not releasing reports that it is required to provide to JCT under 26 U.S.C.§ 6103(p)(3)(B) or (C).

30. Under 26 U.S.C. § 6103(p), the IRS is required to make a limited disclosure of providing two reports only to the JCT within ninety days of the end of each calendar year.

31. First, the Secretary of the Treasury "shall, within 90 days after the close of each calendar year, furnish to the [JCT] a report with respect to, or summary of" its "records and accountings of all requests for inspection or disclosure of returns and return information" under certain provision of Section 6103. I.R.C. § 6103(p)(3)(A)-(B).

32. Only JCT may disclose reports under 6103(p)(3)(B) to other persons only "by record vote of a majority of [its] members." I.R.C. § 6103(p)(3)(B).

33. The IRS is also required to "furnish to [JCT] for disclosure to the public a report . . . (i) provid[ing] the number of – (I) requests for disclosure of returns and return information, (II) instances in which returns and return information were disclosed pursuant to such requests or otherwise, (III) taxpayer whose returns, or return information with respect to whom, were disclosed pursuant to such requests, and (ii) describes the general purposes for which such requests were made." 26 U.S.C. § 6103(p)(3)(C).

34. That report is not made public until JCT later publishes it on its website. Once the JCT publishes the report, the IRS links to the JCT's website in its electronic reading room.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of August, 2021 in Olney, MD.

Kevin E. Cummiskey
Digitally signed by Kevin E. Cummiskey
Date: 2021.08.13 15:35:06 -04'00'

KEVIN E. CUMMISKEY

***Cause of Action Institute v. Internal Revenue Service*, No. 16-2354 (D.D.C.)**
**Records Withheld Under Exemption 5**

| Doc # | Date | From | To | Description |
|---|---|---|---|---|
| 1 | 6/8/2015 | Charles Christopher (IRS Counsel) | Scott Landes; CC: Richard Goldman (IRS Counsel) | Email regarding "best practices to ensure that JCT documents [redacted] |
| 2 | 6/11/2015 | Scott Landes | Deirdre James (JCT Counsel) | Response by Scott Landes to email above in which Scott Landes provides Drita Tonuzi's (IRS Counsel) contact info. |
| 4 | 6/24/2015 | Richard Goldman (IRS Counsel) | Norman Brand; CC: Scott Landes (Leg. Aff), Leonard Oursler, Drita Tonuzi (IRS Counsel) , Charles Christopher (IRS Counsel) | Email from IRS CC attorney Richard Goldman responding to [redacted] |
| 8 | 7/6/2015 | Drita Tonuzi (IRS Office of Chief Counsel) | Scott Landes; Richard Goldman (IRS Counsel) | Email from Drita Tonuzi (IRS Counsel) to Scott Landes regarding [redacted] |
| 9 | 7/6/2015 | Scott Landes | Drita Tonuzi (IRS Office of Chief Counsel); CC: Richard Goldman (IRS Counsel) | Email responding to inquiry from Drita Tonuzi (IRS Counsel) to schedule telephone conference with JCT Chief of Staff Tom Barthold [redacted] |
| 10 | 7/6/2015 | Dritz Tonuzi (IRS Office of Chief Counsel) | Scott Landes; Richard Goldman (IRS Counsel) | Email to schedule telephone conference with JCT Chief of Staff Tom Barthold [redacted] |
| 11 | 7/6/2015 | Scott Landes | Drita Tonuzi; CC: Richard Goldman (IRS Counsel) | Email to schedule telephone conference with JCT Chief of Staff Tom Barthold [redacted] |

**Exhibit**
A

***Cause of Action Institute v. Internal Revenue Service*, No. 16-2354 (D.D.C.)**
**Records Withheld Under Exemption 5**

| Doc # | Date | From | To | Description |
|---|---|---|---|---|
| 12 | 7/7/2015 | Scott Landes | Drita Tonuzi; CC: Richard Goldman (IRS Counsel) | Email responding to inquiry from Drita Tonuzi (IRS Counsel) to schedule telephone conference with JCT Chief of Staff Tom Barthold [redacted] |
| 13 | 7/8/2015 | Scott Landes | Drita Tonuzi; CC: Richard Goldman (IRS Counsel) | Email responding to inquiry from Drita Tonuzi (IRS Counsel) to schedule telephone conference with JCT Chief of Staff Tom Barthold [redacted] |
| 14 | 7/6/2015 | Drita Tonuzi | Scott Landes; Richard Goldman (IRS Counsel) | Email to schedule telephone conference with JCT Chief of Staff Tom Barthold [redacted] |
| 15 | 7/6/2015 | Scott Landes | Drita Tonuzi; CC: Richard Goldman (IRS Counsel) | Email to schedule telephone conference with JCT Chief of Staff Tom Barthold [redacted] |
| 16 | 7/6/2015 | Dritz Tonuzi | Scott Landes; Richard Goldman (IRS Counsel) | Email to schedule telephone conference with JCT Chief of Staff Tom Barthold [redacted] |
| 17 | 7/6/2015 | Scott Landes | Drita Tonuzi; CC: Richard Goldman (IRS Counsel) | Email to schedule telephone conference with JCT Chief of Staff Tom Barthold [redacted] |
| 18 | 7/7/2015 | Scott Landes | Drita Tonuzi; CC: Richard Goldman (IRS Counsel) | Email responding to inquiry from Drita Tonuzi (IRS Counsel) to schedule telephone conference with JCT Chief of Staff Tom Barthold [redacted] |
| 19 | 7/8/2015 | Scott Landes | Drita Tonuzi; CC: Richard Goldman (IRS Counsel) | Email responding to inquiry from Drita Tonuzi (IRS Counsel) to schedule telephone conference with JCT Chief of Staff Tom Barthold [redacted] |

***Cause of Action Institute v. Internal Revenue Service*, No. 16-2354 (D.D.C.)**
**Records Withheld Under Exemption 5**

| Doc # | Date | From | To | Description |
|---|---|---|---|---|
| 25 | 10/22/2015 | Drita Tonuzi | Norman Brand, Deirdre James, Scott Landes, Richard Goldman (IRS Counsel) , Charles Christopher, Mary Keys, Debbie Powell | [redacted] |
| 26 | 10/23/2015 | Drita Tonuzi (IRS Counsel) | Norman Brand (JCT); CC: Scott Landes (Leg. Aff), Richard Goldman (IRS Counsel) (IRS Counsel) ; Charles Christopher (IRS Counsel) ; Mary Keys (IRS Counsel) | [redacted] |
| 28 | 10/30/2015 | Drita Tonuzi (IRS Counsel) | Thomas Barthold; CC: Nomran Brand (JCT), Chase Gibson (JCT), Robert Gotwald (JCT), Deirdre James (JCT Counsel) (JCT) | [redacted] |
| 29 | 11/24/2015 | Scott Landes (IRS Leg Aff) | Mary Keys (IRS Counsel) | Email from Scott Landes to IRS CC requesting [redacted] |
| 30 | 11/24/2015 | Scott Landes | Mary Keys (IRS Counsel) | Email requesting update on ongoing FOIA suit and discussing revisions on certain documents. [redacted] |

***Cause of Action Institute v. Internal Revenue Service*, No. 16-2354 (D.D.C.)**
**Records Withheld Under Exemption 5**

| Doc # | Date | From | To | Description |
|---|---|---|---|---|
| 31 | 11/27/2015 | Richard Goldman (IRS Counsel) | Noman Brand (JCT Counsel); Deirdre James (JCT Counsel) (JCT) | [redacted] |
| 32 | 11/27/2015 | Richard Goldman (IRS Counsel) | Scott Landes | Email from Richard Goldman (IRS Counsel) forwarding above email to Scott Landes. |
| 33 | 11/27/2015 | Scott Landes (IRS Leg Aff) | Richard Goldman (IRS Counsel) | Email from Scott Landes confirming receipt of above email. |
| 34 | 11/30/2015 | Mary Keys (IRS Counsel) | Scott Landes | Email from Mary Keys (IRS Counsel) asking Scott Landes to [redacted] |
| 36 | 11/30/2015 | Richard Goldman (IRS Counsel) | Deirdre James (JCT Counsel); Norman Brand (JCT Counsel) | [redacted] |
| 37 | 6/30/2016 | Charles Pillitteri (IRS Counsel) | Scott Landes | Requesting letter from General Counsel for the House on [redacted] |

***Cause of Action Institute v. Internal Revenue Service*, No. 16-2354 (D.D.C.)**
**Records Withheld Under Exemption 5**

| Doc # | Date | From | To | Description |
|---|---|---|---|---|
| 38 | 7/25/2016 | Aaron Edelman (IRS Disclsoure) | Ross Kiser | Email containing draft search memo for Cause of Action's FOIA request and [redacted] |
| 39 | 7/26/2016 | Scott Landes | Richard Goldman (IRS Counsel) | [redacted] |
| 40 | 7/26/2016 | C&L Congressional Correspondence | Amy Amato, Scott Landes | Email chain referencing FOIA request from Cause of Action [redacted] |
| 41 | 7/27/2016 | Scott Landes | Norman Brand (JCT) | [redacted] |
| 43 | 7/27/2016 | Scott Landes | Richard Goldman (IRS Counsel) | Email contains [redacted] |
| 44 | 7/27/2016 | C&L Congressional Correspondence | Ross Kiser, Scott Landes, Amy Amato | Email containing FOIA request from Cause of Action [redacted] |
| 45 | 7/28/2016 | C&L Congressional Correspondence | Amy Amato, Scott Landes, Ross Kiser | Email containing FOIA request from Cause of Action [redacted] |

***Cause of Action Institute v. Internal Revenue Service*, No. 16-2354 (D.D.C.)**
**Records Withheld Under Exemption 5**

| Doc # | Date | From | To | Description |
|---|---|---|---|---|
| 46 | 8/4/2016 | Amy Amato | Edward Killen, Scott Landes | Email describing [redacted] |
| 47 | 8/4/2016 | Deborah Lambert-Dean (IRS Counsel) | Richard Goldman (IRS Counsel) , Scott Landes, Donald Squires (IRS Counsel) | Email contains draft response letter to FOIA [redacted] |
| 48 | 8/5/2016 | Aaron Edelman (IRS Disclsoure) | Ross Kiser | Email relaying conversation on 8/4/16 confirming that [redacted] |
| 49 | 8/5/2016 | Ross Kiser | Scott Landes, Amy Amato | Email to Legislative Affairs personnel confirming that [redacted] |
| 50 | 8/5/2016 | Deborah Lambert-Dean (IRS Counsel) | Scott Landes, Deborah Lambert-Dean (IRS Counsel) | Email discussing draft document and potential revisions. |
| 51 | 8/5/2016 | Deborah Lambert-Dean (IRS Counsel) | C&L Congressional Correspondence, Amy Amato, Scott Landes | Email relating to FOIA request from Cause of Action [redacted] |
| 52 | 8/5/2016 | Deborah Lambert-Dean (IRS Counsel) | Amy Amato, Scott Landes | Email relating to FOIA request from Cause of Action [redacted] |

***Cause of Action Institute v. Internal Revenue Service*, No. 16-2354 (D.D.C.)**
**Records Withheld Under Exemption 5**

| Doc # | Date | From | To | Description |
|---|---|---|---|---|
| 53 | 8/5/2016 | Deborah Lambert-Dean (IRS Counsel) | C&L Congressional Correspondence, Amy Amato, Scott Landes | Email relating to FOIA request from Cause of Action [redacted] |
| 54 | 8/5/2016 | Deborah Lambert-Dean (IRS Counsel) | Amy Amato, Scott Landes | Email relating to FOIA request from Cause of Action [redacted] |
| 55 | 8/5/2016 | Deborah Lambert-Dean (IRS Counsel) | Ross Kiser, Amy Klonsky | Email acknowledges receipt. Email chain indicates that [redacted] |
| 56 | 8/5/2016 | Deborah Lambert-Dean (IRS Counsel) | Ross Kiser, Scott Landes | Email acknowledges receipt. Email chain indicates that [redacted] |
| 57 | 8/5/2016 | Deborah Lambert-Dean (IRS Counsel) | Ross Kiser, Amy Klonsky | Email acknowledges receipt. Email chain indicates that [redacted] |
| 58 | 8/5/2016 | Richard Goldman (IRS Counsel) | Scott Landes, Deborah Lambert-Dean (IRS Counsel) | Email asks about update from [redacted] Atttached is a draft response letter to Cause of Action |
| 59 | 8/5/2016 | Ross Kiser | *C&L Congressional Correspondence, Scott Landes, Amy Amato | Email to Legislative Affairs personnel confirming that [redacted] |

***Cause of Action Institute v. Internal Revenue Service*, No. 16-2354 (D.D.C.)**
**Records Withheld Under Exemption 5**

| Doc # | Date | From | To | Description |
|---|---|---|---|---|
| 60 | 8/5/2016 | Ross Kiser | Scott Landes, Amy Amato | Email to Legislative Affairs personnel [redacted] |
| 61 | 8/5/2016 | Ross Kiser | *C&L Congressional Correspondence, Scott Landes, Amy Amato | Email to Legislative Affairs personnel [redacted] |
| 62 | 8/5/2016 | Amy Amato | Ross Kiser, Scott Landes | Email confirms receipt. Email chain discusses the search memo for the Cause of Action FOIA request. |
| 63 | 8/5/2016 | Scott Landes | Ross Kiser, Amy Klonsky | Email confirms receipt. Email chain discusses the search memo for the Cause of Action FOIA request. |
| 64 | 8/8/2016 | Deborah Lambert-Dean (IRS Counsel) | Charles Pillitteri, Richard Goldman (IRS Counsel) , Donald Squires (IRS Counsel) , Scott Landes | Email transmits response letter for Cause of Action FOIA request. Email thread discusses [redacted] |
| 65 | 8/12/2016 | Deborah Lambert-Dean (IRS Counsel) | Irma Hinton (IRS | Email acknowledges receipt. Email chain discusses the [redacted] |

*Cause of Action Institute v. Internal Revenue Service*, **No. 16-2354 (D.D.C.)**
**Records Withheld Under Exemption 5**

| Doc # | Date | From | To | Description |
|---|---|---|---|---|
| 66 | 8/12/2016 | Irma Hinton | Scott Landes | Email conveys attachments. Email indicates that etrak control case number created [redacted] |
| 67 | 8/25/2016 | Deborah Lambert-Dean (IRS Counsel) | Charles Pillitteri, Richard Goldman (IRS Counsel) , Deborah Lambert-Dean (IRS Counsel) , Scott Landes | Email discusses [redacted] Email chain discusses [redacted] |
| 68 | 8/25/2016 | Deborah Lambert-Dean (IRS Counsel) | Deborah Lambert-Dean (IRS Counsel) , Scott Landes, Donald Squires (IRS Counsel) , Richard Goldman (IRS Counsel) | Email requests update on [redacted] |
| 69 | 8/25/2016 | Charles Pillitteri (IRS Counsel) | Deborah Lambert-Dean (IRS Counsel) , Scott Landes, Donald Squires (IRS Counsel) , Richard Goldman (IRS Counsel) | Email requests [redacted] |

***Cause of Action Institute v. Internal Revenue Service*, No. 16-2354 (D.D.C.)**
**Records Withheld Under Exemption 5**

| Doc # | Date | From | To | Description |
|---|---|---|---|---|
| 70 | 8/25/2016 | Donald Squires (IRS Counsel) (IRS Counsel) | Charles Pillitteri, Deborah Lambert-Dean, Richard Goldman (IRS Counsel) , Scott Landes | Email responds to Charles, saying that [redacted] |