IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>INTERNAL REVENUE SERVICE,  )<br>)<br>Defendant.  )<br>_____ ) | Case No. 1:16-cv-2354-ACR |

**MOTION TO PARTIALLY SEAL
DECLARATION, EXHIBIT, AND
STATEMENT OF UNDISPUTED MATERIAL FACTS, AND FOR LEAVE
TO LODGE UNREDACTED COPIES OF SEALED
DOCUMENTS *EX PARTE* FOR *IN CAMERA* REVIEW**

The Internal Revenue Service ("IRS") moves (i) to seal in part and file in redacted form the Declaration of Kevin Cummiskey and *Vaughn* index in support of its motion for summary judgment; and (ii) for leave to submit *ex parte* and *in camera* unredacted copies of the partially-sealed documents. The declaration and exhibit provide descriptions that would thwart the Service's exemptions from disclosure if such descriptions are publicly filed, and these descriptions are incorporated into the IRS's Statement of Material Facts Not in Dispute. Counsel for the Service has met and conferred with counsel for the plaintiff pursuant to Local Civil Rule 7(m), and the plaintiff opposes the motion.[1]

To further support its motion for summary judgment, the IRS seeks to provide the Court with three unredacted documents *ex parte* for *in camera* review: a declaration from IRS Chief

---

[1] As set forth in the parties' briefing schedule (ECF No. 62), the plaintiff intends to file its opposition to the IRS's motion to seal concurrent with its combined opposition to the IRS's motion for summary judgment and cross-motion for summary judgment.

Counsel Attorney Kevin Cummiskey explaining the contents of privileged internal IRS communications and privileged communications between the IRS and the Joint Committee on Taxation, a withholding log describing those records, and an unredacted copy of the Service's Statement of Undisputed Material Facts. The IRS has—consistent with Paragraph 7(k) of the Court's Standing Order—filed redacted copies of these documents on ECF, and only seeks to provide unredacted copies to the Court.

This Court has the discretion to permit the Service to file or otherwise non-publicly provide these documents. *See, e.g., Johnson v. Greater Southeast Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). The D.C. Circuit has "articulated a series of factors that a district court should weigh in determining whether and to what extent a party's interest in privacy or confidentiality of its processes outweighs th[e] strong presumption in favor of public access to judicial proceedings." *Id.* These factors include the following:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

*Id*. at 1277 n.14 (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)).

In the FOIA context, the consideration of materials *ex parte* is appropriate where "(1) the validity of the government's assertion of the exemption cannot be evaluated without information beyond that contained in the public affidavits and records themselves, and (2) public disclosure of that information would compromise the secrecy asserted." *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1470–71 (D.C. Cir. 1983).

The factors articulated by the Court in *Johnson* are applicable here and weigh in favor of granting this motion. The redacted information constitutes information protected from disclosure

by the attorney-client, work product, and deliberative process privileges and exempted from disclosure under FOIA exemption (b)(5).  Filing these documents in the public record would thwart the Service's ability to assert these FOIA exemptions, and would also reveal the substance of records that the IRS has asserted are not agency records and thus not subject to the FOIA. *Montgomery v. Internal Revenue Service*, 356 F. Supp. 3d 74, 81 (D.D.C. 2019) (declarations submitted *in camera* appropriate where non-public information "could not be released without compromising information protected [from disclosure]").  Thus, when considering motions for summary judgment in FOIA cases, courts often examine materials, including declarations, *in camera*.  *E.g.*, *COMPTEL v. F.C.C.*, 945 F. Supp. 2d 48, 52 (D.D.C. 2013) ("To satisfy its burden to show the applicability of a [FOIA] exemption, an agency may rely on detailed affidavits, declarations, a *Vaughn* index, in camera review, or a combination of these tools."); *see also Cause of Action v. Treasury Inspector Gen. for Tax Admin.*, 130 F. Supp. 3d 270, 272 (D.D.C. 2015) (noting court granted motion to submit supplemental *in camera* materials).

Additionally, the IRS has filed a redacted versions of the declaration, statement of undisputed material facts, and *Vaughn* index publicly.  This also weighs in favor of granting the present motion.  *See Elec. Priv. Info. Ctr. v. U.S Drug Enf't Agency*, 501 F. Supp. 3d 37, 44–45 (D.D.C. 2019).

In this case, "no additional information concerning an investigation may be publicly disclosed without revealing precisely the information that the agency seeks to withhold," and as a result, "the receipt of *in camera* declarations is appropriate." *Life Extension Found. v. I.R.S.*, 915 F. Supp. 2d 174, 186 (D.D.C. 2013) (quoting *Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 16 (D.D.C. 2009)).  Thus, this motion to partially seal the publicly-filed, redacted versions of these documents should be granted, and the IRS should be granted leave to lodge unredacted copies *in camera* and *ex parte*.

## Conclusion

For all these reasons, the Service asks the Court to grant this motion and permit the IRS to submit *ex parte* and for *in camera* review unredacted copies of the Cummiskey Declaration, Withholding Log, and Statement of Material Facts not in Dispute.

Dated: September 26, 2025

Respectfully submitted,

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 227
Washington, D.C. 20044
(202) 307-1355
(202) 514-6866 (facsimile)
Ryan.McMonagle@usdoj.gov

*Attorneys for the Internal Revenue Service*