IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNAL REVENUE SERVICE, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 1:16-cv-2354-ACR |

**INTERNAL REVENUE SERVICE'S PRE-MOTION NOTICE**

The Internal Revenue Service ("IRS") submits this pre-filing notice outlining the issues for resolution on summary judgment the standards applicable to this action brought by Cause of Action Institute under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

**Background**

Plaintiff Cause of Action filed this FOIA action in December, 2016 seeking five categories of documents by and between the IRS and the Joint Committee on Taxation ("JCT") related to JCT's general oversight of the IRS and the tax system. (First Am. Complaint, ECF No. 44, Ex. 2, 3). The IRS moved to dismiss for lack of jurisdiction on the ground that the FOIA requests sought only congressional records (which are not subject to the FOIA). The Court denied the motion to dismiss on July 17, 2019.

In the following two years, the IRS conducted searches and the parties regularly met and conferred about those searches. Eventually, Cause of Action agreed to withdraw certain requests, the IRS performed searches, and the parties agreed to the reasonableness of the IRS's search and thus the scope of documents at issue. Having agreed, the parties then served cross-motions for

summary judgment between August 2021 and January 2022, and filed their cross-motions in batches (per the then-applicable standing order) in February 2022 on two issues: (1) whether 1,569 pages of emails and attachments were "congressional records" or "agency records" and; (2) whether 70 emails about the IRS's pre-lawsuit processing of Plaintiff's FOIA claim in this case, and the Service's proposed revisions to the Chief Counsel Directors Manual and the Internal Revenue Manual are exempt from disclosures Exemption 5 of the FOIA (5 U.S.C. § 552(b)(5)) under the attorney-client, work product, and/or deliberative process privileges. ECF Nos. 51–57. The Court denied the pending motions without prejudice on June 3, 2025.

## Basis for Dispositive Motions

This case presents a question of to what extent inquiries from the JCT to the IRS as part of its general oversight responsibilities, communications from the IRS to JCT responding to those inquiries, and agency records the IRS creates in the ordinary course of business provided to respond to a JCT inquiry constitute agency records or congressional records.

**I.     Whether the records at issue are agency records or congressional records**

Under the FOIA, district courts have power "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). To succeed in a FOIA case, the plaintiff must show that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (*citing Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980)). Congressional records are not "agency records" and are thus not subject to the FOIA. *Cause of Action Inst. v. Nat'l Archives and Records Admin.*, 753 F.3d 210, 212 (D.C. Cir. 2014) (*citing United We Stand Am., Inc. v. IRS*, 359 F.3d 595, 597 (D.C. Cir. 2004)). The test for determining whether a document in the possession of an agency is an "agency record"

or a "congressional record" "turns on whether Congress manifested a clear intent to control the document." *ACLU v. CIA*, 823 F.3d 655, 662 (D.C. Cir. 2016); *Jud. Watch, Inc. v. United States Secret Serv.*, 726 F.3d 208, 221 (D.C. Cir. 2013); *United We Stand*, 359 F.3d at 597.  Under D.C. Circuit precedent, two factors are "effectively dispositive": "[1] the intent of the document's creator to retain or relinquish control over the records; [2] the ability of the agency to use and dispose of the record as it sees fit." *ACLU*, 823 F.3d at 662 (internal quotation marks omitted).

The IRS has argued and will argue that, based on the declarations of IRS staff who handle JCT oversight inquiries, and the declaration of JCT's Chief of Staff, there is sufficient evidence of Congress's intent to control all three categories of documents. The intent of Congress and the limitations on the IRS's use of the records at issue are evidenced by: (i) the use of restrictive legends on JCT communications; (ii) long-established (and followed) IRS record-keeping and segregation procedures applicable to JCT requests; and (iii) statements from persons with personal knowledge of both from the IRS and JCT's respective sides.  Importantly, the IRS agrees that the records are congressional records and that it cannot use them "as it sees fit."

## II. Whether emails and attachments responsive to Cause of Action's requests are privileged and thus exempt from disclosure under the FOIA under Exemption 5

There are 58 internal emails and attachments responsive to Item Nos. 1 and 2 of Cause of Action's June 23, 2021 FOIA request that are exempt from disclosure under 5 U.S.C. § 552(b)(5). There are also 12 emails from JCT to the IRS that are either congressional records or (if not) are nonetheless protected, in whole or in part, by IRS privileges and shared with the JCT under circumstances that does not waive the privilege.  Under Exemption 5 of the FOIA, "inter-agency or intra-agency memorandums or letters that would not be available by law to a party . . . in litigation with the agency" are exempt from disclosure.  5 U.S.C. § 552(b)(5).  Exemption 5 incorporates the three evidentiary privileges into the FOIA: the attorney-client privilege, the

3

attorney-work-product privilege, and the deliberative process privilege. *Tax Analysts v. IRS*, 294 F.3d 71, 76 (D.C. Cir. 2002).

The exempt records are intra-agency communications between IRS Counsel and other IRS employees, and communications from IRS Counsel to JCT, its counsel, and counsel for the United States House of Representatives. The emails relate to two topics: (1) the processing of Cause of Action's FOIA request at issue in this case up to the agreed search cutoff date of December 1, 2016; and (ii) the IRS's revision of its Chief Counsel Directives Manual ("C.C.D.M.") and Internal Revenue Manual ("IRM") in 2016. All of those records are exempt from disclosure by the work-product privilege, attorney-client privilege, and the deliberative process privilege.

Dated January 9, 2026

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax Litigation Branch

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 227
Washington, D.C. 20044
(202) 307-1355
(202) 514-6866 (facsimile)
Ryan.McMonagle@usdoj.gov

*Attorneys for the Internal Revenue Service*