IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAUSE OF ACTION INSTITUTE, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-2354 (ACR) |
| INTERNAL REVENUE SERVICE, | ) ) ) | |
| *Defendant*. | ) ) ) | |

**PLAINTIFF CAUSE OF ACTION INSTITUTE'S PRE-MOTION NOTICE**

Plaintiff Cause of Action Institute ("CoA Institute") hereby submits this pre-motion notice regarding the parties' anticipated cross-motions for summary judgment in this Freedom of Information Act ("FOIA") case. *See* Internal Revenue Serv.'s Pre-Mot. Not., ECF No. 65.

**Introduction**

In December 2015, Defendant Internal Revenue Service ("IRS") published a notice of revisions to its Chief Counsel Directives Manual ("CCDM") that modified the treatment of records reflecting its dealings with the Joint Committee on Taxation ("JCT"). *See* Am. Compl. Ex. 1, ECF No. 44-1. Following publication of the notice, CoA Institute filed two FOIA requests seeking access to various records regarding the IRS's interactions with the JCT. *See* Am. Compl. Exs. 2 & 3, ECF Nos. 44-2 & 44-3. The IRS denied those requests, as well as CoA Institute's appeals. *See* Am. Compl. ¶¶ 18 & 24–25. CoA Institute then filed this lawsuit. *See* Compl., ECF No. 1.

In July 2019, the Court denied the IRS's motion to dismiss. *Cause of Action Inst. v. Internal Revenue Serv.*, 390 F. Supp. 3d 94 (D.D.C. 2019). The IRS conducted a series of negotiated searches, and the parties filed batched cross-motions for summary judgment in February 2022, limiting the scope of their dispute to (1) whether the majority of responsive records were under

"congressional" or "agency control," and (2) whether a smaller set of records were properly withheld under Exemption 5, in conjunction with the deliberative-process, attorney-client, and attorney work-product privileges. *See* ECF Nos. 51–56.[1] The Court denied these motions without prejudice on June 3, 2025.

## Basis for Dispositive Motions

CoA Institute anticipates the parties will renew their cross-motions for summary judgment.[2] Those motions should remain limited to same disputed questions: (1) whether most of the records at issue are "agency records" subject to disclosure under the FOIA, and (2) whether a smaller set of conceded "agency records" is protected from disclosure under Exemption 5.

## Applicable Legal Standards

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "FOIA cases typically and appropriately are decided on motions for summary judgment." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). Here, "the burden is on the agency to sustain its action[.]" 5 U.S.C. § 552(a)(4)(B). The Court must determine *de novo* "whether the agency has sustained its burden of demonstrating that the documents requested . . . are exempt." *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (cleaned up). Similarly, with respect to whether a record is under agency control, "[t]he burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records[.]'" *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989).

---

[1] The parties disagree slightly about the number of records properly involved with either of these questions. The IRS maintains there are "1,529 pages of emails and attachments" connected to the control dispute and "70 emails" protected by Exemption 5. *See* IRS's Pre-Mot. Not. at 2. CoA Institute believes there are only 58 emails in the latter category because 12 emails have been improperly classified as "congressional records."

[2] CoA Institute understands the IRS intends to move to file certain supporting materials under seal for *ex parte*, *in camera* consideration, including non-public versions of a declaration, *Vaughn* index, and statement of undisputed material facts. CoA Institute will oppose sealing on grounds that it is unnecessary, prejudicial, and highly disfavored.

**Planned Arguments and Responses**

I.   **The records at issue are "agency records" subject to the FOIA.**

The mere fact that a record relates to the JCT, was created by the JCT, or was transmitted between the IRS and the JCT, does not render it a congressional record outside the scope of the FOIA. Its status as an "agency record" instead depends, in relevant part, on "whether Congress manifested a clear intent to control the document," *United We Stand Am., Inc. v. Internal Revenue Serv.*, 359 F.3d 595, 597 (D.C. Cir. 2004), and thereby limited the ability of the IRS to use and dispose of the record as it sees fit. *See Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 221 (D.C. Cir. 2013). The IRS cannot establish any affirmative and express manifestation of the JCT's intent in this case. There is neither evidence of the JCT's (1) "contemporaneous and specific instructions" limiting the use or disclosure of any of the records at issue, *Paisley v. Cent. Intelligence Agency*, 712 F.2d 686, 694 (D.C. Cir. 1983), nor its (2) provision of instructions particular to the treatment of any specific records prior to their creation. *See Am. Civil Liberties Union v. Cent. Intelligence Agency*, 823 F.3d 655, 666–67 (D.C. Cir. 2016).

To be sure, the IRS will suggest that boilerplate "restrictive legends," as well as ostensibly "long-established . . . procedures" and "statements from persons with personal knowledge," are enough to meet its burden. *See* IRS's Pre-Mot. Not. at 3. But these are ineffective. Most of the records at issue *lack* a legend, and "even with [a] Legend affixed," such a "non-specific assertion does not reflect the considered judgment" required by controlling caselaw. *Am. Oversight, Inc. v. Dep't of Health & Human Servs.*, No. 17-0827, 2025 WL 2718977, at *8 (D.D.C. Sept. 24, 2025), *appeal pending*, No. 25-5375 (D.C. Cir. docketed Oct. 24, 2025). The IRS's alternative reliance on generalized claims of expected confidentiality, as well as the JCT's post-hoc attempts to assert the requisite intent to retain control and limit the use of records, cannot make up the difference.

## II.     Exemption 5 does not protect the remaining agency records.

Exemption 5 covers "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). It protects "only those documents that are normally privileged in the civil discovery context." *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). Here, the IRS has withheld in full 58 email records, citing the deliberative-process, attorney-client, and attorney work-product privileges.

With respect to records comprising communications between the IRS and the JCT or counsel for the U.S. House of Representatives, the agency cannot satisfy Exemption 5's "inter-" or "intra-agency" threshold requirement. Congress is not an agency, and JCT employees are hardly "disinterested" vis-à-vis the IRS's deliberative processes. *See Am. Oversight v. Dep't of Health & Human Servs.*, 101 F.4th 909, 922 (D.C. Cir. 2024) (rejecting use of Exemption 5 for communications between two agencies and Congress). As for the remaining records, the IRS has yet to establish the prerequisites for the asserted privileges, and its treatment of the records—which are withheld in full—belies any effort to release "reasonably segregable portion[s] of a record . . . after deletion of the portions which are exempt." 5 U.S.C. § 552(b); *see id.* § 552(a)(8)(A)(ii)(II).

Dated: January 16, 2026                                          Respectfully submitted,

                                                                                  */s/ Ryan P. Mulvey*
                                                                                  Ryan P. Mulvey
                                                                                  D.C. Bar No. 1024362

                                                                                  CAUSE OF ACTION INSTITUTE
                                                                                  4201 Wilson Boulevard, Suite 1000
                                                                                  Arlington, VA 22203
                                                                                  Telephone: (571) 444-2841
                                                                                  ryan.mulvey@causeofaction.org

                                                                                  *Counsel for Plaintiff CoA Institute*